B1 (Official Form 1)(04/13)

| United States Bankruptcy Court<br>Southern District of New York | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**National Veterans Disability Advocates LLC** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all)<br>**27-1647468** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**3109 W Dr Martin Luther King Jr Blvd.**<br>**4th Floor**<br>**Tampa, FL**                          ZIP Code **33607** | Street Address of Joint Debtor (No. and Street, City, and State):                          ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**Hillsborough** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>**300 Rabro Drive East**<br>**Hauppauge, NY**                          ZIP Code **11788** | Mailing Address of Joint Debtor (if different from street address):                          ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

| Type of Debtor<br>(Form of Organization) (Check one box) | Nature of Business<br>(Check one box) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>■ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined<br>in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>■ Other | ☐ Chapter 7<br>☐ Chapter 9<br>■ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13          ☐ Chapter 15 Petition for Recognition<br>of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition<br>of a Foreign Nonmain Proceeding |

| Chapter 15 Debtors | Tax-Exempt Entity<br>(Check box, if applicable) | Nature of Debts<br>(Check one box) |
|---|---|---|
| Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding<br>by, regarding, or against debtor is pending: | ☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code). | ☐ Debts are primarily consumer debts,<br>defined in 11 U.S.C. § 101(8) as<br>"incurred by an individual primarily for<br>a personal, family, or household purpose."          ■ Debts are primarily<br>business debts. |

| Filing Fee (Check one box) | Chapter 11 Debtors |
|---|---|
| ■ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must<br>attach signed application for the court's consideration certifying that the<br>debtor is unable to pay fee except in installments. Rule 1006(b). See Official<br>Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>■ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates)<br>are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors,<br>in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ■ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid,<br>there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | OVER<br>100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

B1 (Official Form 1)(04/13)                                                                                                              Page 2

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **National Veterans Disability Advocates LLC** |

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet)

| Location Where Filed:  **- None -** | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet)

| Name of Debtor: **See Rider to Voluntary Petitions** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | **X** _____ <br> Signature of Attorney for Debtor(s)                (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

☐ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

■ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(04/13)                                                                                                          Page 3

## Voluntary Petition

*(This page must be completed and filed in every case)*

Name of Debtor(s):
**National Veterans Disability Advocates LLC**

### Signatures

| | |
|---|---|
| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Attorney*

X **/s/ Kenneth A. Rosen, Esq.**
Signature of Attorney for Debtor(s)

**Kenneth A. Rosen, Esq.**
Printed Name of Attorney for Debtor(s)

**Lowenstein Sandler LLP**
Firm Name

**1251 Avenue of the Americas, 17th Floor**
**New York, NY 10020**

_____
Address

**(212) 262-6700  Fax: (212) 262-7402**
Telephone Number

**December 18, 2014**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ William A. Brandt, Jr.**
Signature of Authorized Individual

**William A. Brandt, Jr.**
Printed Name of Authorized Individual

**Chief Restructuring Officer**
Title of Authorized Individual

**December 18, 2014**
Date

## RIDER TO VOLUNTARY PETITION

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor
Each Concurrently Filed in the United States Bankruptcy Court
for the Southern District of New York**

On December 18, 2014, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in this Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532.  Contemporaneously with the filing of their petitions, such entities filed a motion requesting joint administration of their chapter 11 cases.

Binder & Binder - The National Social Security Disability Advocates (NY), LLC
SSDI Holdings, Inc.
Binder & Binder - The National Social Security Disability Advocates LLC
Binder & Binder - The National Social Security Disability Advocates (AZ), LLC
Binder & Binder - The National Social Security Disability Advocates (CA), LLC
Binder & Binder - The National Social Security Disability Advocates (CO), LLC
Binder & Binder - The National Social Security Disability Advocates (CT), LLC
Binder & Binder - The National Social Security Disability Advocates (FL), LLC
Binder & Binder - The National Social Security Disability Advocates (GA), LLC
Binder & Binder - The National Social Security Disability Advocates (IL), LLC
Binder & Binder - The National Social Security Disability Advocates (MD), LLC
Binder & Binder - The National Social Security Disability Advocates (MO), LLC
Binder & Binder - The National Social Security Disability Advocates (NJ), LLC
Binder & Binder - The National Social Security Disability Advocates (NC), LLC
Binder & Binder - The National Social Security Disability Advocates (OH), LLC
Binder & Binder - The National Social Security Disability Advocates (PA), LLC
Binder & Binder - The National Social Security Disability Advocates (TX), LLC
Binder & Binder - The National Social Security Disability Advocates VA, LLC
Binder & Binder - The National Social Security Disability Advocates (WA), LLC
Binder & Binder - The National Social Security Disability Advocates (LA), LLC
Binder & Binder - The National Social Security Disability Advocates (MI), LLC
Binder & Binder - The National Social Security Disability Advocates (DC), LLC
The Rep for Vets LLC
National Veterans Disability Advocates LLC (DBA The Rep for Vets LLC)
The Social Security Express Ltd.

B4 (Official Form 4) (12/07)

# United States Bankruptcy Court
## Southern District of New York

In re __Binder & Binder - The National Social Security Disability Advocates LLC__    Case No. _____
Debtor(s)    Chapter    __11__

## CONSOLIDATED LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [*or* chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."   Do not disclose the child's name.   See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1)<br><br>*Name of creditor and complete mailing address including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5)<br><br>*Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
| **Stellus Capital Management, LLC**<br>**4400 Post Oak Parkway**<br>**Suite 2200**<br>**Houston, TX 77027** | **Robert Collins**<br>**Stellus Capital Management, LLC**<br>**4400 Post Oak Parkway**<br>**Suite 2200**<br>**Houston, TX 77027** | **Loan (Unsecured)** | | **16,748,577.70** |
| **Intergrated Media Solutions**<br>**650 5th Avenue**<br>**35th Floor**<br>**New York, NY 10019-6108** | **Julio Villeda**<br>**Intergrated Media Solutions**<br>**909 3rd Ave., 31st Floor**<br>**New York, NY 10022**<br>**(212) 373-9594** | **Trade debt** | | **2,743,820.68** |
| **Google, Inc.**<br>**Dept. 33654**<br>**P. O. Box 39000**<br>**San Francisco, CA 94139** | **Carmen Bonayon**<br>**Google, Inc.**<br>**1600 Amphitheater Pkwy**<br>**Mountain View, CA 94043-1351**<br>**(866) 954-0453 X8544** | **Trade debt** | | **821,299.37** |
| **LexisNexis**<br>**P. O. Box 7247-7090**<br>**Philadelphia, PA 19170-7090** | **Donna Russomagno**<br>**LexisNexis c/o Martindale Hubble**<br>**121 Chanlon Road**<br>**New Providence, NJ 07974**<br>**(800) 526-4902 X5432** | **Trade debt** | | **200,172.60** |
| **Yahoo! Inc.**<br>**P. O. Box 89-4147**<br>**Los Angeles, CA 90189-4147** | **Beige Nelson**<br>**Yahoo! Inc.**<br>**14010 FNB Parkway**<br>**Omaha, NE 68154**<br>**(402) 686-2121**<br>**Beigen@yahoo.com** | **Trade debt** | | **175,205.75** |
| **Information Analysis Inc.**<br>**11240 Waple Mill Road**<br>**Suite 201**<br>**Fairfax, VA 22030** | **Matt Sands**<br>**Information Analysis Inc.**<br>**11240 Waple Mill Road, Ste 201**<br>**Fairfax, VA 22030**<br>**(717) 659-7566** | **Trade debt** | | **158,568.00** |

B4 (Official Form 4) (12/07) - Cont.

**Binder & Binder - The National Social Security Disability**

In re    **Advocates LLC**    Case No. _____

Debtor(s)

# CONSOLIDATED LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
(Continuation Sheet)

| (1)<br><br>*Name of creditor and complete mailing address including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5)<br><br>*Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
| **CenturyLink**<br>**Business Services**<br>**P. O. Box 52187**<br>**Phoenix, AZ 85072-2187** | **George Santos**<br>**CenturyLink**<br>**665 Lexington Ave.**<br>**Mansfield, OH 44907**<br>**(516) 712-3042**<br>**qbileast@centurylink.com** | **Trade debt** | | **126,299.39** |
| **Webmetro**<br>**9197 S. Peoria Stret**<br>**Englewood, CO 80112** | **Carin Hughes**<br>**Webmetro**<br>**9197 S. Peoria Stret**<br>**Englewood, CO 80112**<br>**(909) 599-8885** | **Trade debt** | | **109,615.56** |
| **De Lage Landen**<br>**P. O. Box 41602**<br>**Philadelphia, PA 19102-1602** | **Contracts/Customer Service**<br>**De Lage Landen**<br>**1111 Old Eagle School Road**<br>**Wayne, PA 19087-1453**<br>**(800) 736-0220**<br>**customercarecenter@leasedirect.com** | **Trade debt** | | **108,141.98** |
| **W. B. Mason Co., Inc.**<br>**P. O. Box 981101**<br>**Boston, MA 02298-1101** | **Don Potts/Lou Tager**<br>**W. B. Mason Co., Inc.**<br>**59 Centre Street**<br>**Brockton, MA 02301**<br>**(508) 436-8788** | **Trade debt** | | **106,755.48** |
| **Teaktronics, Inc.**<br>**220 Jericho Turnpike**<br>**Mineola, NY 11501** | **Roger Zheng**<br>**Teaktronics, Inc.**<br>**220 Jericho Turnpike**<br>**Mineola, NY 11501**<br>**(516) 741-8001** | **Trade debt** | | **85,329.30** |
| **TGI Office Automation**<br>**120 3rd Street**<br>**Brooklyn, NY 11231** | **Angelo Perrone**<br>**TGI Office Automation**<br>**1860 Walt Whitman Road**<br>**Brooklyn, NY 11231**<br>**(631) 712-6980 X2102** | **Trade debt** | | **65,042.27** |
| **WLNY-TV**<br>**P. O. Box 28132**<br>**New York, NY 10087-8132** | **Henry J. Malloy, Jr.**<br>**WLNY-TV**<br>**1700 Broadway, 10th Floor**<br>**New York, NY 10019**<br>**(212) 975-1739** | **Trade debt** | | **54,672.00** |
| **United Welfare Fund**<br>**138-50 Queens Blvd.**<br>**Jamaica, NY 11435** | **United Welfare Fund**<br>**138-50 Queens Blvd.**<br>**Jamaica, NY 11435** | **Health benefits** | | **48,401.18** |
| **United Service Workers Sec.**<br>**Division**<br>**138-50 Queens Blvd.**<br>**Jamaica, NY 11435** | **United Service Workers Sec. Division**<br>**138-50 Queens Blvd.**<br>**Jamaica, NY 11435** | **Security fund** | | **45,032.00** |

B4 (Official Form 4) (12/07) - Cont.

In re    **Binder & Binder - The National Social Security Disability Advocates LLC**
                                           Debtor(s)

Case No. _____

# CONSOLIDATED LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
### (Continuation Sheet)

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5) Amount of claim [if secured, also state value of security] |
|---|---|---|---|---|
| **North Country**<br>**P. O. Box 951415**<br>**Dallas, TX 75395-1415** | **Stephanie Beecroft**<br>**North Country**<br>**721 2nd Street South**<br>**Great Falls, MT 59405**<br>**(406) 761-7877** | **Trade debt** | | **41,209.00** |
| **Bullseye Telecom**<br>**c/o First Place Bank**<br>**P. O. Box 33025**<br>**Detroit, MI 48232-5025** | **Julie Knight**<br>**Bullseye Telecom**<br>**25925 Telegraph Road, Ste 210**<br>**Southfield, MI 48033**<br>**(248) 784-2591**<br>**jknight@bullseyetelcom.com** | **Trade debt** | | **37,861.11** |
| **American Express**<br>**P. O. Box 360001**<br>**Fort Lauderdale, FL 33336-0001** | **American Express**<br>**P. O. Box 360001**<br>**Fort Lauderdale, FL 33336-0001** | **Trade debt** | | **33,849.23** |
| **Promenet, Inc.**<br>**42 Broadway**<br>**16th Floor**<br>**New York, NY 10004** | **Nicholas Sidoti**<br>**Promenet, Inc.**<br>**42 Broadway, 16th Floor**<br>**New York, NY 10004**<br>**(646) 723-4119** | **Trade debt** | | **31,847.47** |
| **News 12 Networks, LLC**<br>**P. O. Box 392068**<br>**Pittsburgh, PA 15251-9068** | **Nancy Finelli/Linda Powell**<br>**News 12 Networks, LLC**<br>**1111 Stewart Ave.**<br>**Bethpage, NY 11714**<br>**(516) 803-5380** | **Trade debt** | | **28,473.50** |

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the Chief Restructuring Officer of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date    **December 18, 2014**

Signature    **/s/ William A. Brandt, Jr.**

**William A. Brandt, Jr.**
**Chief Restructuring Officer**

*Penalty for making a false statement or concealing property*:   Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

**WRITTEN CONSENT TO THE RESOLUTIONS OF THE
BOARD OF DIRECTORS OF
SSDI HOLDINGS, INC.**

**Dated as of December 18, 2014**

The undersigned, comprising all of the members of the Board of Directors (the "Board") of SSDI Holdings, Inc., a Delaware corporation (the "Parent"), do hereby unanimously consent to the adoption of the following corporate resolutions:

WHEREAS, the Board has reviewed and considered the financial and operational condition of the Parent and the Parent's business on the date hereof, including the historical performance of the Parent, the assets of the Parent, the current and long-term liabilities of the Parent, and the market for the Parent's services;

WHEREAS, the Parent is the sole member of Binder & Binder – The National Social Security Disability Advocates, LLC ("SSDA");

WHEREAS, the Board has reviewed and considered the financial and operational condition of SSDA and SSDA's business on the date hereof, including the historical performance of SSDA, the assets of SSDA, the current and long-term liabilities of SSDA, and the market for SSDA services;

NOW, THEREFORE, IT IS:

**CHAPTER 11 FILING**

RESOLVED that, in the judgment of the Board, after consideration of the recommendations of senior management and the Parent's advisors, it is desirable and in the best interests of the Parent, its creditors, stakeholders and other interested parties, that the Parent shall be, and hereby is, authorized to file or cause to be filed a voluntary petition for relief (the "Petition") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

**RETENTION OF PROFESSIONALS**

RESOLVED FURTHER, that the Parent is hereby authorized and directed to employ, in the name of and on behalf of the Parent, Development Specialists, Inc. ("DSI") to provide a Chief Restructuring Officer to the Parent, and to further provide additional DSI personnel to the Parent to assist the Chief Restructuring Officer in such capacity, to represent and assist the Parent in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Parent's rights, to manage the ongoing operations of the Parent, to assist the Parent in developing strategies to improve cash flow, enhance profitability and to reduce expenses, to assist the Parent in identifying and implementing both short-term and long-term liquidity generating initiatives, including forecasting and reporting cash flow performance, to assist the Parent in negotiating and implementing financing, including debtor-in-possession financing and

negotiating with lenders and other creditors in furtherance of the Parent's restructuring and to assist the Parent in such other matters as may be requested by the Board that fall within DSI's expertise and that are mutually agreeable; and in connection therewith, the Parent is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of DSI;

RESOLVED FURTHER, that William A. Brandt, Jr. is hereby appointed Chief Restructuring Officer of the Parent and shall have the authority granted herein;

RESOLVED FURTHER, that Mr. Brandt will report directly to the Board and will continue to be employed by DSI;

RESOLVED FURTHER, that the Chief Restructuring Officer, and such other officers or persons as the Chief Restructuring Officer directs (each, an "Authorized Person" and collectively, the "Authorized Persons"), be, and each is, authorized, empowered and directed to execute and file on behalf of the Parent the Petition and any amendments thereto under Chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the Southern District of New York (the "Chapter 11 Case"), and to execute and file on behalf of the Parent, all schedules, statements, lists, pleadings, motions, and other papers or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to commence and prosecute the Chapter 11 Case and any action necessary to maintain the ordinary course operation of the Parent's business;

RESOLVED FURTHER, that the law firm of Lowenstein Sandler LLP be employed as bankruptcy counsel to represent and assist the Parent in carrying out the Parent's duties under the Bankruptcy Code, and to take any and all actions to advance the Parent's rights and obligations including, but not limited to, the preparation and filing of pleadings in the Chapter 11 Case, and in connection therewith, the Authorized Persons of the Parent are hereby authorized and directed, on behalf of the Parent, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of Lowenstein Sandler LLP;

RESOLVED FURTHER, that the Parent is authorized and directed to employ the firm of BMC Group, Inc. as notice and claims agent to represent and assist the Parent in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Parent's rights and obligations; and in connection therewith, the Parent, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of BMC Group, Inc.;

RESOLVED FURTHER, that the Chief Restructuring Officer of the Parent be, and hereby is, authorized and directed to cause the Parent to employ any other individual and/or firm as professionals or consultants to the Parent as are deemed necessary to represent and assist the Parent in carrying out the Parent's duties under the

Bankruptcy Code, and in connection therewith, the Chief Restructuring Officer of the Parent is hereby authorized and directed, on behalf of the Parent, to execute appropriate retention agreements, and to cause to be filed an appropriate application for authority to retain the services of such professionals as necessary;

## DEBTOR IN POSSESSION FINANCING

RESOLVED FURTHER, that the Parent, as debtor and debtor in possession under the Chapter 11 Case shall be, and hereby is, authorized by the Board to: (a) enter into any and all agreements and transactions regarding the use of cash collateral and any and all related agreements and transactions contemplated thereby; (b) enter into and undertake, as a guarantor, any and all transactions consistent with and contemplated in a Debtor-in-Possession ("DIP") loan facility or other form of credit support or enhancement (including without limitation, in connection therewith, such notes, security agreements and other agreements or instruments as the Authorized Persons consider appropriate) among the Parent's direct and indirect subsidiaries, as the borrowers, the various lenders from time to time parties thereto as lenders, on terms and conditions consistent in all material respects with the terms approved by the Board, as may be modified by the Chief Restructuring Officer in consultation with the Board, including, without limitation, those that are set forth in the DIP Term Sheet from U.S. Bank National Association, as DIP Agent and a DIP Lender and Capital One, National Association, as a DIP Lender, attached hereto as Exhibit A that have been previously presented to and reviewed by the Board of the Sole Member, as the Authorized Persons executing same may consider necessary, proper or desirable (including without limitation, the granting of liens, security interests and superpriority administrative claims); (c) provide guaranties to and undertake any and all related transactions contemplated thereby (collectively, the "Financing Transactions" and each such transaction a "Financing Transaction") with such lenders and on such terms as may be approved by any one or more of the Authorized Persons, as reasonably necessary for the continuing conduct of the affairs of the Parent; (d) negotiate and finalize a DIP credit agreement based on those terms that have been presented to and reviewed by the Board, with such changes thereto as may be approved by the Chief Restructuring Officer in consultation with the Board; and (e) pay related fees and grant security interests in and liens upon some, all or substantially all of the Parent's assets, as may be deemed necessary by any one or more of the Authorized Persons in connection with such borrowings;

RESOLVED FURTHER, that the Authorized Persons, acting alone or with one or more other Authorized Persons be, and they hereby are, authorized, directed and empowered in the name of, and on behalf of, the Parent, as debtor and debtor in possession, to take such actions and negotiate or cause to be prepared and negotiated and to execute and file all such instruments and documents (collectively, the "DIP Loan Documents"), and other agreements, certificates, contracts, bonds, documents, disclosure documents, instruments, receipts, petitions, motions or other papers, incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, as such Authorized Person shall in his or her judgment determine to be necessary or appropriate to consummate the Financing Transactions contemplated by any DIP credit agreement

and any other DIP Loan Documents, which determination shall be conclusively evidenced by his or its execution or delivery thereof;

RESOLVED FURTHER, that the form, terms and provisions of any guaranty of any DIP credit agreement consistent therewith and  the other DIP Loan Documents contemplated thereby be, and the same hereby are in all respects approved, and that any Authorized Persons or other officer of any of the Parent is hereby authorized and empowered, in the name of and on behalf of that Parent, to execute and deliver and to execute and file the DIP Loan Documents to which that Parent is a party, with such changes, additions and modifications thereto as the officer of the Parent executing the same shall approve, such approval to be conclusively evidenced by such officer's execution and delivery thereof;

## USE OF CASH COLLATERAL

RESOLVED FURTHER, that the Parent, as debtor and debtor in possession under the Chapter 11 Case shall be, and hereby is, authorized to:  (a) enter into any and all agreements and transactions regarding the use of cash collateral and any and all related agreements and transactions contemplated thereby; (b) enter into and undertake any and all transactions consistent with and contemplated by the Parent's use of cash collateral of the pre-petition senior secured lenders, consistent in all material respects with those that have been previously presented to and reviewed by the Board as may be modified by the Chief Restructuring Officer in consultation with the Board, as reasonably necessary for the continuing conduct of the affairs of the Parent; (c) finalize any cash collateral order or agreement consistent in all material respects with those that have been previously presented to and reviewed by the Board, as may be modified by the Chief Restructuring Officer in consultation with the Board; and (d) pay related fees and grant security interests in and liens upon some, all or substantially all of the Parent's assets, as may be deemed necessary by any one or more of the Authorized Persons in connection with such use of cash collateral.

RESOLVED FURTHER, that all of the acts and transactions relating to the matters contemplated by the foregoing resolutions taken by management and members of the Board of the Parent, in the name and on behalf of the Parent, which acts would have been approved by the foregoing resolutions except that such acts were taken prior to the adoption of these resolutions, are hereby in all respects confirmed, approved and ratified as the true acts and deeds of the Parent with the same force and effect as if each such act or transaction had been specifically authorized in advance by resolution of the Board;

RESOLVED FURTHER that the foregoing powers and authorizations shall continue in full force and effect until revoked in writing by the Board; and it is

RESOLVED FURTHER that this Consent may be executed by facsimile, telecopy or other reproduction, and such execution shall be considered valid, binding and effective for all purposes.

RESOLVED FURTHER that, the Parent, in its capacity as the sole member of SSDA, is authorized to approve, consent to, and execute the resolutions in the Written Consents of the Sole Member of Binder & Binder – The National Social Security Disability Advocates, LLC and the Sole Member Of Its Subsidiaries dated as of this date, a copy of which is attached as Exhibit B.

**IN WITNESS WHEREOF,** we, the undersigned, have executed this consent as of the date first written above.

_____
John Black

_____
William Nolan

_____
Shaun Fitzgibbon

_____
Harry Binder

_____
Charles Binder

**IN WITNESS WHEREOF,** we, the undersigned, have executed this consent as of the date first written above.

_____
John Black

_____
William Nolan

_____
Shaun Fitzgibbon

_____
Harry Binder

_____
Charles Binder

**IN WITNESS WHEREOF,** we, the undersigned, have executed this consent as of the date first written above.

_____
John Black

_____
William Nolan

_____
Shaun Fitzgibbon

_____
Harry Binder

_____
Charles Binder

**IN WITNESS WHEREOF,** we, the undersigned, have executed this consent as of the date first written above.

_____

John Black

_____

William Nolan

_____

Shaun Fitzgibbon

_____

Harry Binder

_____

Charles Binder

<u>Exhibit A</u>

Term Sheet

**WRITTEN CONSENTS OF THE**
**SOLE MEMBER OF**
**BINDER & BINDER – THE NATIONAL**
**SOCIAL SECURITY DISABILITY ADVOCATES, LLC AND THE SOLE**
**MEMBER OF ITS SUBSIDIARIES**

Dated as of December 18, 2014

The undersigned, being the sole Member (the "Sole Member") of Binder & Binder – The National Social Security Disability Advocates, LLC, a Delaware limited liability company (the "Operating Company"), hereby consents to the adoption of the following resolutions:

WHEREAS, the Sole Member has reviewed and considered the financial and operational condition of the Operating Company and its subsidiaries listed on the attached Schedule A (the "Subsidiaries", and together with the Operating Company, the "Companies") and the Companies' business on the date hereof, including the historical performance of the Companies, the assets of the Companies, the current and long-term liabilities of the Companies, and the market for the Companies' services;

WHEREAS, the Sole Member has received, reviewed and considered the recommendations of the senior management of the Companies and the Companies' legal, financial and other advisors as to the relative risks and benefits of pursuing bankruptcy proceedings under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS, the Operating Company is the sole member of the Subsidiaries:

NOW, THEREFORE, IT IS:

**CHAPTER 11 FILING**

RESOLVED that, in the judgment of the Sole Member, and of the Operating Company in its capacity as the sole member of the Subsidiaries, after consideration of the recommendations of senior management and the Companies' advisors, it is desirable and in the best interests of each of the Companies, their respective creditors, stakeholders and other interested parties, that each of the Companies shall be, and hereby is, authorized to file or cause to be filed voluntary petitions for relief (the "Petitions") under chapter 11 of title 11 of the Bankruptcy Code;

**RETENTION OF PROFESSIONALS**

RESOLVED FURTHER, that each of each of the Companies is hereby authorized and directed to employ, in the name of and on behalf of each of the Companies, Development Specialists, Inc. ("DSI") to provide a Chief Restructuring Officer to the Companies, and to further provide additional DSI personnel to the Companies to assist the Chief Restructuring Officer in such capacity, to represent and

assist the Companies in carrying out their duties as debtors in possession under the Bankruptcy Code, to take any and all actions to advance each of the Companies' rights, to manage the ongoing operations of the Companies, to assist the Companies in developing strategies to improve cash flow, enhance profitability and to reduce expenses, to assist the Companies in identifying and implementing both short-term and long-term liquidity generating initiatives, including forecasting and reporting cash flow performance, to assist the Companies in negotiating and implementing financing, including debtor-in-possession financing and negotiating with lenders and other creditors in furtherance of the Companies' restructuring and to assist the Companies in such other matters as may be requested by the Board of Directors of the Sole Member (the "Board") that fall within DSI's expertise and that are mutually agreeable, and in connection therewith, each of the Companies is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of DSI;

RESOLVED FURTHER, that William A. Brandt, Jr. is hereby appointed Chief Restructuring Officer of each of the Companies and shall have the authority granted herein;

RESOLVED FURTHER, that Mr. Brandt will report directly to the Board and will continue to be employed by DSI;

RESOLVED FURTHER, that the Chief Restructuring Officer, and such other officers or persons as the Chief Restructuring Officer directs (each, an "Authorized Person" and collectively, the "Authorized Persons"), be, and each is, authorized and directed to execute and file on behalf of each of the Companies the Petitions and any amendments thereto under Chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the Southern District of New York (the "Chapter 11 Cases"), and to execute and file on behalf of each of the Companies, all schedules, statements, lists, pleadings, motions, and other papers or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to commence and prosecute the Chapter 11 Cases;

RESOLVED FURTHER, that the law firm of Lowenstein Sandler LLP be employed as bankruptcy counsel to represent and assist each of the Companies in carrying out those Companies' duties under the Bankruptcy Code, and to take any and all actions to advance each of the Companies' rights, including, but not limited to, the preparation and filing of pleadings in the Chapter 11 Cases, and in connection therewith, the Authorized Persons of each of the Companies is hereby authorized and directed, on behalf of the Companies, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of Lowenstein Sandler LLP;

RESOLVED FURTHER, that each of the Companies is authorized and directed to employ the firm of BMC Group, Inc. as notice and claims agent to represent

-2-

and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each of the Companies' rights and obligations; and in connection therewith, each of the Companies, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of BMC Group, Inc.;

RESOLVED FURTHER, that the Chief Restructuring Officer of the Companies be, and hereby is, authorized and directed to cause the Companies to employ any other individual and/or firm as professionals or consultants to the Companies as are deemed necessary to represent and assist the Companies in carrying out each of the Companies' duties under the Bankruptcy Code, and in connection therewith, the Chief Restructuring Officer of the Companies is hereby authorized and directed, on behalf of the Companies, to execute appropriate retention agreements, and to cause to be filed an appropriate application for authority to retain the services of such firms;

## DEBTOR IN POSSESSION FINANCING

RESOLVED FURTHER, that each of the Companies, as debtors and debtors in possession under the Chapter 11 Cases shall be, and hereby is, authorized to: (a) enter into any and all agreements and transactions regarding the use of cash collateral and any and all related agreements and transactions contemplated thereby; (b) enter into and undertake any and all transactions consistent with and contemplated in a Debtor-in-Possession ("DIP") loan facility or other form of credit support or enhancement (including without limitation, in connection therewith, such notes, security agreements and other agreements or instruments as the Authorized Persons consider appropriate) among the Companies, as the borrowers, the various lenders from time to time parties thereto as lenders, on terms and conditions consistent in all material respects with the terms approved by the Board, as may be modified by the Chief Restructuring Officer in consultation with the Board including, without limitation, those that are set forth in the DIP Term Sheet from U.S. Bank National Association, as DIP Agent and a DIP Lender and Capital One, National Association, as a DIP Lender, attached hereto as Exhibit A that have been previously presented to and reviewed by the Board, as the Authorized Persons executing same may consider necessary, proper or desirable (including without limitation, the granting of liens, security interests and superpriority administrative claims); (c) borrow funds from, request the issuance of letters of credit, provide guaranties to and undertake any and all related transactions contemplated thereby (collectively, the "Financing Transactions" and each such transaction a "Financing Transaction") with such lenders and on such terms as may be approved by any one or more of the Authorized Persons, as reasonably necessary for the continuing conduct of the affairs of the Companies; (d) negotiate and finalize a DIP credit agreement based on those terms that have been presented to and reviewed by the Board with such changes thereto as may be approved by the Chief Restructuring Officer in consultation with the Board; and (e) pay related fees and grant security interests in and liens upon some, all or substantially all of the Companies' assets, as may be deemed necessary by any one or more of the Authorized Persons in connection with such borrowings;

RESOLVED FURTHER, that each of the Authorized Persons, acting alone or with one or more other Authorized Persons be, and they hereby are, authorized, directed and empowered in the name of, and on behalf of, each of the Companies, as debtor and debtor in possession, to take such actions and negotiate or cause to be prepared and negotiated and to execute and file all such instruments and documents (collectively, the "DIP Loan Documents"), and other agreements, certificates, contracts, bonds, documents, disclosure documents, instruments, receipts, petitions, motions or other papers, incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, as such Authorized Person shall in his or her judgment determine to be necessary or appropriate to consummate the Financing Transactions contemplated by the DIP credit agreement and any other DIP Loan Documents, which determination shall be conclusively evidenced by his or their execution or delivery thereof;

RESOLVED FURTHER, that the form, terms and provisions of any DIP credit agreement consistent therewith and each of the other DIP Loan Documents contemplated thereby be, and the same hereby are in all respects approved, and that any Authorized Persons or other officer of any of the Companies is hereby authorized and empowered, in the name of and on behalf of that Company, to execute and deliver and to execute and file each of the DIP Loan Documents to which that Company is a party, with such changes, additions and modifications thereto as the officer of the Companies executing the same shall approve, such approval to be conclusively evidenced by such officer's execution and delivery thereof;

## USE OF CASH COLLATERAL

RESOLVED FURTHER, that each of the Companies, as debtor and debtor in possession under the Chapter 11 Cases shall be, and hereby is, authorized to: (a) enter into any and all agreements and transactions regarding the use of cash collateral and any and all related agreements and transactions contemplated thereby; (b) enter into and undertake any and all transactions consistent with and contemplated by the Companies' use of cash collateral of the pre-petition senior secured lenders, consistent in all material respects with those that have been previously presented to and reviewed by the Board as may be modified by the Chief Restructuring Officer in consultation with the Board, as reasonably necessary for the continuing conduct of the affairs of the Companies; (c) finalize the any Cash collateral order or agreement consistent in all material respects with those that have been previously presented to and reviewed by the Board as may be modified by the Chief Restructuring Officer in consultation with the Board; and (d) pay related fees and grant security interests in and liens upon some, all or substantially all of the Companies' assets, as may be deemed necessary by any one or more of the Authorized Persons in connection with such use of cash collateral.

RESOLVED FURTHER, that all of the acts and transactions relating to the matters contemplated by the foregoing resolutions taken by management and the Sole Member, in the name and on behalf of any of the Companies, or taken by management of the Operating Company or the Operating Company in the name and on behalf of any of the Subsidiaries, which acts would have been approved by the foregoing resolutions except that such acts were taken prior to the adoption of these resolutions, are hereby in

all respects confirmed, approved and ratified as the true acts and deeds of the Companies with the same force and effect as if each such act or transaction had been specifically authorized in advance by resolution of the Sole Members;

RESOLVED FURTHER that the foregoing powers and authorizations shall continue in full force and effect until revoked in writing by the Sole Members; and it is

RESOLVED FURTHER that this Consent may be executed by facsimile, telecopy or other reproduction, and such execution shall be considered valid, binding and effective for all purposes.

**IN WITNESS WHEREOF,** we, the undersigned, have executed this consent as of the date first written above.

**SOLE MEMBER:**

SSDI Holdings, LLC

By: _____

Name:  William Nolan
Title:  President

## CONSENT OF SOLE MEMBER OF THE SUBSIDIARIES

The undersigned, in its capacity as the sole Member of the Subsidiaries, hereby consents to the adoption of the above resolutions.

Binder & Binder – The National Social Security Disability Advocates, LLC

By: _____

Name:  William Nolan
Title:  Vice President

<u>Exhibit A</u>

Term Sheet


**[See attached]**

December 18, 2014

Binder & Binder − The National Social
Security Disability Advocates LLC
300 Rabro Drive
Hauppauge, New York 11788
Attention: James Sileo and Harry Binder

H.I.G. Capital LLC
500 Boylston St., Suite 1350
Boston, MA 02116
Attention: William Nolan

Gentlemen:

We refer to that certain Loan Agreement dated as of August 27, 2010 (as amended, restated, supplemented or otherwise modified from time to time, the "Pre-petition Credit Agreement"; together with all instruments, agreements and documents related thereto or executed in connection therewith, the "Pre-petition Loan Documents"), by and among Binder & Binder − The National Social Security Disability Advocates LLC, a Delaware limited liability company ("Pre-petition Borrower" together with the guarantors under the Pre-petition Loan Documents, the "Pre-petition Loan Parties"), the various financial institutions party thereto as "Lenders" (collectively, the "Pre-petition Lenders"), the "L/C Issuer" party thereto (the "Pre-petition L/C Issuer") and U.S. Bank National Association, in its capacity as administrative agent for the Pre-petition L/C Issuer and the Pre-petition Lenders (in such capacity, "Pre-petition Agent"). Capitalized terms used by not defined in this Summary of Proposed Terms shall have the meanings given such terms in the Pre-petition Credit Agreement.

We are pleased to advise you that DIP Agent and each DIP Lender (each as defined below) will consider providing debtor-in-possession financing for Borrowers (as defined below) in the form of a revolving credit facility in the amount detailed below, the proceeds of which shall be used in accordance with the terms set forth herein and the DIP Loan Documents (as defined below), including, without limitation, (1) to repay the Revolving Credit Loans outstanding as of the petition date of the

**This Summary of Proposed Terms is for discussion purposes only. This is not a commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or other applicable law) and remains subject to due diligence, credit approval and documentation and approval of the Interim Order and the Final Order by the Bankruptcy Court. No oral communications between the parties shall be deemed to supersede this Summary of Proposed Terms or indicate any commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or applicable law).**

Bankruptcy Case referenced below (the "Petition Date") and all then accrued and unpaid interest and fees incurred in connection with the Revolving Credit Loans (the "Pre-petition Revolving Obligations"), (2) to repay the principal amount of the Term Loan outstanding as of the Petition Date and all then accrued and unpaid interest and fees incurred in connection with the Term Loan (the "Pre-petition Term Loan Obligations"; the Pre-petition Revolving Obligations and the Pre-petition Term Loan Obligations are sometimes referred to herein collectively as, the "Pre-petition Obligations") and (3) to provide ongoing working capital pursuant to the Budget (as defined below) during the Bankruptcy Case (as defined below).

## THIS IS NOT A COMMITMENT

This Summary of Proposed Terms is a statement of general intent only and does not constitute an offer, obligation, understanding or commitment by DIP Agent or DIP Lenders to provide financing or advance any funds to any Borrower, Guarantor (as defined below) or any other Person or of Pre-petition Agent or Pre-petition Lenders to authorize or consent to any use of cash collateral with respect to any pre-petition liens. This Summary of Proposed Terms is based upon the fact that Borrowers and Guarantor will elect to file voluntary petitions for relief under chapter 11 of the Federal Bankruptcy Code, 11 U.S.C. § 101 et. seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") subsequent to the date hereof (individually and collectively, the "Bankruptcy Case"), and that any financing or other financial accommodations will only be made pursuant to the terms, covenants, representations, warranties, indemnities and conditions of definitive documentation executed by Borrowers, Guarantor, DIP Agent, DIP Lenders and all other necessary parties, and approved by the Bankruptcy Court pursuant to the Interim Order and the Final Order (as such terms are defined below). Nothing contained herein shall be construed to be a commitment or obligation of DIP Agent or DIP Lenders unless and until the execution of definitive documentation and the entry of an appropriate order by the Bankruptcy Court. All documents described in this Summary of Proposed Terms shall be in form and substance satisfactory to DIP Agent and its counsel. No past, present, or future action, course of conduct or failure to act relating to the transaction referenced in this Summary of Proposed Terms or relating to the negotiation of the terms of such transaction will give rise to or serve as the basis for any obligation or other liability on the part of DIP Agent or DIP Lenders. The Summary of Proposed Terms pursuant to which DIP Agent and DIP Lenders propose (which proposal is preliminary and subject to change based on, among other things, tax, legal, regulatory and other structuring considerations of DIP Agent and DIP Lenders, as well as internal credit approval for each DIP Lender) to establish the DIP Credit Facility with Borrowers are set forth as follows:

## SUMMARY OF PROPOSED TERMS

| | |
|---|---|
| **Borrowers:** | Binder & Binder – The National Social Security Disability Advocates LLC, a Delaware limited liability company, and its subsidiaries, including, without limitation, those subsidiaries forth on Exhibit A attached hereto |

2

**This Summary of Proposed Terms is for discussion purposes only. This is not a commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or other applicable law) and remains subject to due diligence, credit approval and documentation and approval of the Interim Order and the Final Order by the Bankruptcy Court. No oral communications between the parties shall be deemed to supersede this Summary of Proposed Terms or indicate any commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or applicable law).**

("<u>Borrowers</u>"), jointly and severally, in their capacities as borrowers and debtors in possession in the Bankruptcy Case to be filed with the Bankruptcy Court.

**Guarantor:**  SSDI Holdings, Inc. ("<u>Guarantor</u>"; Borrowers and Guarantor are collectively referred to herein as "<u>Loan Parties</u>"), in its capacity as a guarantor and debtor in possession in the Bankruptcy Case. The guaranty by Guarantor ("<u>DIP Guaranties</u>") shall be secured by first priority security interests in and liens on all assets of Guarantor's assets as noted below.

**DIP Agent:**  U.S. Bank National Association ("<u>U.S. Bank</u>" and, in such capacity, the "<u>DIP Agent</u>").

**DIP Lenders:**  U.S. Bank and the other Lenders under the Pre-petition Credit Agreement (collectively, the "<u>DIP Lenders</u>").

**DIP Credit Facility:**  A revolving credit facility (the "<u>DIP Credit Facility</u>" and the loans under the DIP Credit Facility, the "<u>DIP Loans</u>") in an aggregate principal amount not to exceed $[26,000,000]*, subject to reduction as set forth herein (the "<u>DIP Facility Cap</u>"). The indebtedness and obligations of Borrowers under the DIP Credit Facility shall be joint and several. The amount of the DIP Loans available to Borrowers under the DIP Credit Facility will be limited to (a) amounts used to repay in full the Pre-petition Obligations and (b) amounts and purposes identified in the Budget and subject to variances as set forth below and compliance with the terms and conditions set forth below, which shall not otherwise exceed $3,000,000 (the "<u>Sublimit</u>" and such DIP Loans, the "<u>Sublimit Loans</u>"). The Sublimit shall be reduced by $250,000 commencing on September 1, 2015 and then every six months thereafter. Each such reduction shall also reduce the DIP Facility Cap. The DIP Credit Facility is conditioned upon DIP Agent, for the benefit of DIP Lenders, obtaining a first priority perfected lien on, and security interest in, all of Borrowers' and Guarantor's personal and real property assets as provided in the "Collateral, Security and Superpriority Claims" paragraph below. In addition, DIP Agent and DIP Lenders shall be entitled to assign and/or participate in the DIP Credit Facility with additional lenders.

*The amount of the DIP Facility Cap shall be equal to the Pre-petition Obligations plus the $3,000,000 Sublimit.

Upon entry of the Interim Order, to the extent the conditions precedent to the Closing shall have been satisfied, but prior to entry of the Final Order,

3

**This Summary of Proposed Terms is for discussion purposes only. This is not a commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or other applicable law) and remains subject to due diligence, credit approval and documentation and approval of the Interim Order and the Final Order by the Bankruptcy Court. No oral communications between the parties shall be deemed to supersede this Summary of Proposed Terms or indicate any commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or applicable law).**

amounts under the DIP Credit Facility will be limited to **$[TBD]**, a portion of which shall be funded at the Closing in an amount equal to at least **$[TBD]** (the "Initial DIP Loan"), which Initial DIP Loan shall be used to repay in full the Pre-petition Obligations. DIP Loans will be made for the purposes provided in the "Use of Proceeds" paragraph below not inconsistent with the Budget. Amounts repaid with respect to Sublimit Loans may be reborrowed (from time to time) up to the Sublimit, subject to compliance with the applicable conditions to borrowing. Amounts repaid with respect to the portion of the Initial DIP Loan used to repay the Pre-petition Obligations (such amounts, the "Roll-up DIP Obligations") may not be reborrowed, and shall permanently reduce the DIP Facility Cap.

Following the disbursement of the Initial DIP Loan, DIP Loans up to the Sublimit may be drawn during the period from and including the Closing up to but excluding the DIP Termination Date (as defined below) (such period, the "Availability Period"). The DIP Credit Facility will terminate and the DIP Obligations shall be due and payable in full at the end of the Availability Period.

For the avoidance of doubt, in no event shall Borrowers have any right to request, nor shall any of DIP Agent, DIP Lenders, Pre-petition Agent, Pre-petition L/C Issuer or Pre-petition Lenders have any obligation to issue, any letters of credit at any time.

**Closing:** The closing of the DIP Credit Facility shall occur on a date that is mutually satisfactory to Borrowers and DIP Agent (the "Closing"); provided, that if the Closing does not occur on or before December 27, 2014, this Summary of Proposed Terms shall expire and have no further force or effect.

**Maturity:** DIP Credit Facility shall mature (the "DIP Termination Date") on the earliest to occur of: (a) August 31, 2016, (b) the effective date of a sale of the assets of any Borrower or Guarantor pursuant to section 363 of the Bankruptcy Code, (c) the effective date of a Plan, (d) the conversion of the Bankruptcy Case to a proceeding under Chapter 7 of the Bankruptcy Code, (e) the dismissal of the Bankruptcy Case or (f) acceleration of maturity of the DIP Credit Facility by DIP Agent or DIP Lenders due to the occurrence of an event of default under the DIP Loan Documents (as defined below). All outstanding indebtedness under the DIP Credit Facility and all other DIP Obligations (as defined below) shall be due and payable in full on the DIP Termination Date.

4

This Summary of Proposed Terms is for discussion purposes only. This is not a commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or other applicable law) and remains subject to due diligence, credit approval and documentation and approval of the Interim Order and the Final Order by the Bankruptcy Court. No oral communications between the parties shall be deemed to supersede this Summary of Proposed Terms or indicate any commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or applicable law).

| | |
|---|---|
| **Use of Proceeds:** | Proceeds of the DIP Credit Facility will be used during the Availability Period for the following, but in each case in accordance with and subject to the Budget: (i) with respect to proceeds of the DIP Credit Facility (other than Sublimit Loans), to repay the Pre-petition Obligations in full and (ii) with respect to Sublimit Loans, in each case in accordance with the terms of the DIP Loan Documents, the Interim Order and the Final Order (and in any event in the aggregate amount not to exceed the Sublimit), (A) to pay working capital and other general corporate needs of Borrowers in the ordinary course of business; (B) to pay postpetition fees and expenses related to the DIP Credit Facility; (C) to pay fees required to be paid to the Clerk of the Bankruptcy Court and to the Office of the United States Trustee or agent thereof; and (D) for payment of professional fees pursuant to a carve-out and payment procedures acceptable to Borrowers, DIP Agent and DIP Lenders.  For the avoidance of doubt, repayment of the Roll-up DIP Obligations shall not reduce sums available for Sublimit Loans.  The foregoing shall not apply to amounts in the Wind-Down Fund (as defined below), the use of which is detailed in the "Wind-Down Expense Account" paragraph set forth below. |
| **Documentation:** | The DIP Credit Facility will be evidenced by a credit agreement (the "DIP Agreement"), security documents, guaranties and other legal documentation (collectively with the DIP Credit Agreement, the DIP Guaranties, the Interim Order and the Final Order, the "DIP Loan Documents") required by DIP Agent and DIP Lenders, which DIP Loan Documents shall be in form and substance consistent with this term sheet and otherwise mutually satisfactory to Borrowers, DIP Agent and DIP Lenders.  The DIP Loan Documents will contain certain conditions precedent, affirmative, negative and conditional covenants, indemnities, events of default and remedies, and Borrowers and Guarantor will make representations and warranties, in form and substance acceptable to Borrower, DIP Agent and DIP Lenders. |
| **Mandatory Prepayments:** | Mandatory prepayments of the DIP Loans (including timing, amounts and application thereof) to be determined by DIP Agent and DIP Lenders, but in any event shall include the following prepayments: |

(1) The Loan Parties shall be required to repay the Roll-up DIP Obligations so that, as of any test date, payments applied to the Roll-up DIP Obligations on a cumulative basis since the Petition Date shall equal at least the amount set forth on Schedule 1 attached hereto opposite such date.  The Loan Parties' compliance

5

**This Summary of Proposed Terms is for discussion purposes only. This is not a commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or other applicable law) and remains subject to due diligence, credit approval and documentation and approval of the Interim Order and the Final Order by the Bankruptcy Court.  No oral communications between the parties shall be deemed to supersede this Summary of Proposed Terms or indicate any commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or applicable law).**

shall be tested monthly as of the last day of each calendar month commencing on May 31, 2015.

(2)   The Loan Parties may not have on hand cash in excess of $750,000 in the aggregate (the "<u>Maximum Cash Amount</u>") as of the close of the business Monday of each week (or if not a business day, the next business day) (each, a "<u>Measuring Day</u>"), which shall be determined based upon the Borrowers' book balances as of such Measuring Day.  If the Loan Parties on a Measuring Day have cash on hand in excess of the Maximum Cash Amount, Borrowers shall pay to DIP Agent prior to the close of business on the next business day (each, an "<u>Excess Cash Payment Date</u>") an amount equal to such excess (the "<u>Excess Cash</u>" and each payment, an "<u>Excess Cash Payment</u>").  Excess Cash Payments will be applied to the DIP Loans as follows (less contributions to the Wind-Down Fund to the extent permitted below): <u>first</u>, to the outstanding principal balance of the Sublimit Loans and, <u>second</u>, to the outstanding principal balance of the Roll-up DIP Obligations.  The Loan Parties shall deliver to DIP Agent (i) on the business day immediately following each Excess Cash Payment Date or if no Excess Cash Payment is required to be paid in any calendar week, then on Wednesday of such calendar week, evidence of: (1) the Borrowers' book balance as of the Measuring Day in such calendar week, which shall include all receipts and disbursements received and made during such immediately preceding week; and (2) any Excess Cash Payments required to be delivered to DIP Agent on the Excess Cash Payment Date during such week, if any.  For the avoidance of doubt, the Loan Parties only need to report cash in excess of the Maximum Cash Amount and remit Excess Cash Payments once a week based on the Borrowers' book balances on the Measuring Day of each week.

| Wind-Down Expense Account: | Commencing in June 2015, and during each month thereafter, so long as no event of default has occurred and is continuing or would result therefrom, Borrowers may fund from Excess Cash Payments a wind-down account (the "<u>Wind-Down Fund</u>") so long as any amounts paid into the Wind-Down Fund in any given month, when aggregated with all amounts paid into the Wind-Down Fund during the Bankruptcy Proceeding on a cumulative basis, do not exceed (after giving effect to such payment) the amount set forth on <u>Schedule 2</u> attached hereto opposite such month.  For the avoidance of |

6

**This Summary of Proposed Terms is for discussion purposes only. This is not a commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or other applicable law) and remains subject to due diligence, credit approval and documentation and approval of the Interim Order and the Final Order by the Bankruptcy Court.  No oral communications between the parties shall be deemed to supersede this Summary of Proposed Terms or indicate any commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or applicable law).**

doubt, in no event shall the aggregate amount in the Wind-Down Fund since the Petition Date (on a cumulative basis) exceed $2,500,000 in the aggregate. The Wind-Down Fund shall be (1) a separate account and hold only amounts paid into the Wind-Down Fund in accordance with this paragraph and (2) established and maintained with and under the control of a DIP Lender. The Wind-Down Fund and all amounts from time to time on deposit in the Wind-Down Fund shall be additional security for the payment and performance of the DIP Obligation and shall not be subject to any carve-out. The Loan Parties may not access the Wind-Down Fund or any funds therein until the DIP Obligations are paid in full and the DIP Loan Agreement has been terminated; provided, however, that upon the occurrence of an Event of Default that results in either (i) the acceleration of the DIP Obligations or (ii) DIP Lenders no longer advancing any Sublimit Loans, and so long has Borrowers have first used all cash on hand, Borrowers may access amounts in the Wind-Down Fund which shall be used by Borrowers solely to pay (A) payroll, payroll taxes and benefits and (B) hearing related costs. Borrowers shall submit a written request to DIP Agent to request funds from the Wind-Down Fund prior to payment in full of the DIP Obligations and termination of the DIP Credit Agreement, which written notice shall include a detailed description and certification of an officer of Borrowers regarding the use of the requested amounts. Upon the occurrence of the DIP Termination Date (other than as a result of the acceleration of maturity of the DIP Credit Facility resulting from the occurrence of non-material events of default to be agreed upon by Borrowers, DIP Agent and DIP Lenders), DIP Agent may, without further notice to or order of the Bankruptcy Court or further notice to any other person, apply the amounts then on deposit in the Wind-Down Fund to the DIP Obligations in such order as determined by DIP Agent in its sole discretion.

| | |
|---|---|
| **Interest:** | Interest on the outstanding balance of the DIP Credit Facility (including, without limitation, all DIP Loans) shall be payable monthly in arrears at an annual rate of the Base Rate, plus 4.25%. |
| | Interest on the outstanding balance of the DIP Credit Facility shall be calculated each month on the basis of the actual number of days elapsed and a 360-day year. |
| **Default Interest Rate:** | From and after the occurrence of a default or an event of default under any of the DIP Loan Documents, a default rate of interest of an additional five |

7

This Summary of Proposed Terms is for discussion purposes only. This is not a commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or other applicable law) and remains subject to due diligence, credit approval and documentation and approval of the Interim Order and the Final Order by the Bankruptcy Court. No oral communications between the parties shall be deemed to supersede this Summary of Proposed Terms or indicate any commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or applicable law).

percent (5.0%) per annum over the rate otherwise applicable shall be payable on demand on the outstanding balance (including any accrued and unpaid interest, fees and reimbursements) of the DIP Credit Facility and all other DIP Obligations.

**Fees:**

(1) On the date of Closing, Borrowers shall pay DIP Agent, for the ratable benefit of DIP Lenders, a commitment fee of $100,000, which shall be fully-earned on the date of Closing and shall be non-refundable.

(2) With regard to the Sublimit Loans only, Borrowers shall pay DIP Agent, for the ratable benefit of DIP Lenders, an unused line fee of three quarters of one percent (0.75%) per annum (calculated and payable monthly) of the amount by which the Sublimit exceeds the average outstanding amount of the Sublimit Loans in any month.

**Collateral and Security; Superpriority Claims**

To secure the DIP Credit Facility and advances made by DIP Agent and DIP Lenders to Borrowers and the obligations of Borrowers and Guarantor to DIP Agent and DIP Lenders, DIP Agent, on its behalf and on behalf of the DIP Lenders, will receive a duly-perfected, first-priority security interest in, and priming lien on, all of the existing and after-acquired (pre-petition and post-petition) tangible and intangible assets of Borrowers and Guarantor (collectively, the "<u>DIP Collateral</u>") subject to mutually acceptable permitted liens ("<u>Permitted Liens</u>"), including, without limitation, accounts receivable, inventory, machinery, equipment, real estate, general intangibles and all claims that the Loan Parties have or may have against any person or entity, including, without limitation, claims pursuant to sections 502(d), 544, 545, 547, 548, 549, 550, or 553 of the Bankruptcy Code. All obligations of Borrowers under the DIP Credit Facility and Guarantor under the DIP Guaranties, including, without limitation, all DIP Loans, all interest and fees in connection therewith and all other indebtedness, obligations and liabilities of Borrowers and Guarantor to DIP Agent and DIP Lenders (collectively, the "<u>DIP Obligations</u>") shall be (a) secured: (i) pursuant to section 364(d) of the Bankruptcy Code, by a first-priority, senior priming perfected lien on, and security interest in, all property of Borrowers and Guarantor, subject only to Permitted Liens; and (ii) pursuant to section 364(c) of the Bankruptcy Code, by a first-priority, perfected lien on, and security interest in, all property of Borrowers and Guarantor that is not subject to any valid, duly-perfected lien of any party (such liens and security interests, collectively, the "<u>DIP Liens</u>"); and (b) accorded priority under section 364(c) of the Bankruptcy Code over any and all administrative expenses of

8

**This Summary of Proposed Terms is for discussion purposes only. This is not a commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or other applicable law) and remains subject to due diligence, credit approval and documentation and approval of the Interim Order and the Final Order by the Bankruptcy Court. No oral communications between the parties shall be deemed to supersede this Summary of Proposed Terms or indicate any commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or applicable law).**

the kind specified in sections 105, 326, 328, 330, 331, 503(b), 506(c), 507(a), 507(b), 546(c), 726, 1114 or any other provisions of the Bankruptcy Code.  The foregoing notwithstanding, however, the security shall be subject to a carve-out for the U.S. Trustee's fees and professional fees of Loan Parties' professionals and professionals retained by a statutory committee, if any, in an amount and subject to procedures acceptable to Borrowers, DIP Agent and DIP Lenders.

The DIP Liens on the DIP Collateral of Borrowers and Guarantor shall be effective and perfected as of the entry of the Interim Order and without necessity of the execution, filing or recording of mortgages, security agreements, pledge agreements, control agreements, financing statements or other agreements.  However, the Agent may, in its discretion, require the execution, filing or recording of any or all of the documents described in the preceding sentence.

**Reporting:**      <u>Daily</u>: Each Measuring Day, the Loan Parties shall deliver to DIP Agent a report of the Loan Parties daily cash balance as of the immediately preceding Business Day, as detailed in the "Mandatory Prepayments" section above with respect to the Excess Cash Payments.

<u>Weekly</u>: Borrowers shall deliver to the DIP Agent on Wednesday of each calendar week (for the immediately preceding calendar week) a report documenting and detailing:

(1)    all cash receipts by the Loan Parties;

(2)    all payments and disbursements made by the Loan Parties;

(3)    an updated weekly actual performance compared to the Budget on both an aggregate basis and a line-item by line-item basis (each particular line-item set forth on the Budget being referred to herein as a "<u>Budgeted Item</u>"), stating all variances and providing a narrative discussion and analysis by management with respect to any and all variances;

(4)    the number of employees employed by the Loan Parties, any third party on any Loan Party's behalf, or otherwise for the benefit of the Loan Parties; and

9

**This Summary of Proposed Terms is for discussion purposes only. This is not a commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or other applicable law) and remains subject to due diligence, credit approval and documentation and approval of the Interim Order and the Final Order by the Bankruptcy Court.  No oral communications between the parties shall be deemed to supersede this Summary of Proposed Terms or indicate any commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or applicable law).**

     (5)   the number of Leased Locations (as defined below).

<u>Other</u>:   The Loan Parties shall deliver internally prepared monthly consolidated unaudited financial statements within 30 days of the end of each calendar month.

All reports and financial statements to be in form and scope acceptable to DIP Agent and DIP Lenders, and, as applicable, compared to Budget and prior comparable period.  In addition, DIP Agent may require such other daily, weekly and monthly reporting of information that any of them deems necessary.

| | |
|---|---|
| **Budget Reporting:** | Borrowers shall deliver to DIP Agent and DIP Lenders every four weeks an updated 13-week cash flow forecast in form and detail substantially similar to the Initial Budget each of which Budget shall be approved by DIP Agent in writing (each an "<u>Updated Budget</u>"; the Initial Budget and each Updated Budget, the "<u>Budgets</u>" and individually as a "<u>Budget</u>").  The initial four week period of the Initial Budget and Updated Budgets shall constitute a Test Period. |
| **Financial Covenants:** | <u>Excess Cash</u>.  As detailed in the "Mandatory Prepayments" section above, the Loan Parties shall remit weekly on the next business day following the Measurement Day of the week the Excess Cash Payment.  Any cash on hand held by Borrowers (subject to the cap in the immediately preceding sentence) shall not impair or otherwise reduce Borrowers' ability to borrow up to the full Sublimit amount, subject to compliance with the applicable conditions to borrowing. |

<u>Budget Variances</u>.  Borrowers and Guarantor shall comply with the Budget.  Borrowers and Guarantor shall be deemed to be in compliance with the Budget so long as:

     (1)   cash receipts are not less than the cash receipts projected in the Budget for any Test Period, tested every four weeks; <u>provided</u> that there shall be an allowed 12% variance to the aggregate amount of cash receipts scheduled to be received during any Test Period as set forth in the Budget for such Test Period; and

     (2)   cash disbursements (on a Budgeted Item basis) to not exceed the cash disbursements projected in the Budget for any Test Period; <u>provided</u> that there shall be an allowed variance of the greater of

10

**This Summary of Proposed Terms is for discussion purposes only. This is not a commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or other applicable law) and remains subject to due diligence, credit approval and documentation and approval of the Interim Order and the Final Order by the Bankruptcy Court.  No oral communications between the parties shall be deemed to supersede this Summary of Proposed Terms or indicate any commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or applicable law).**

10% and $10,000 for the amount of disbursements for each Budgeted Item scheduled to be made during any Test Period as set forth in the Budget for such Test Period. For the avoidance of doubt, Borrowers' failure to timely make any and all payments to DIP Agent and DIP Lenders required under the DIP Loan Documents and the Budget (including, without limitation, any and all mandatory prepayments), shall not be subject to any variance but shall constitute an event of default under the DIP Loan Documents.

**Other Terms:**      The DIP Credit Agreement will contain additional terms, provisions and covenants customary for financings of this type and other terms, provisions and covenants deemed by DIP Agent and DIP Lenders in their discretion to be appropriate and reasonably acceptable to Borrowers and Guarantor, and in any event including, without limitation, the following:

- On or before December 24, 2014, entry of an interim order by the Bankruptcy Court approving the DIP Credit Facility (the "Interim Order"), which Interim Order shall be in form and substance acceptable to DIP Agent, DIP Lenders, Borrowers and Guarantor.

- Entry of a final order by the Bankruptcy Court approving the DIP Credit Facility (the "Final Order") on or before January 23, 2015, which Final Order shall be in form and substance acceptable to DIP Agent, DIP Lenders, Borrowers and Guarantor.

- The Loan Parties shall use their best efforts to cause an order to be entered by the Bankruptcy Court (in form and substance acceptable to DIP Agent in its sole and absolute discretion) on or before the date that is 60 days following the Petition Date, approving the KEIP (as defined below), with such modifications for which the Loan Parties have obtained DIP Agent's prior written consent in connection with the Bankruptcy Court in approving the KEIP.

- On or before December 31, 2014, the Loan Parties shall deliver to DIP Agent, a deposit account control agreement, deposit account services agreement or investment or securities account control agreement, as applicable, with respect to all deposit accounts and investment accounts maintained or established by any Loan Party.

11

**This Summary of Proposed Terms is for discussion purposes only. This is not a commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or other applicable law) and remains subject to due diligence, credit approval and documentation and approval of the Interim Order and the Final Order by the Bankruptcy Court. No oral communications between the parties shall be deemed to supersede this Summary of Proposed Terms or indicate any commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or applicable law).**

- Measured as of the last day of each month, or as of the pay period nearest to that day, the total number of employees employed by the Loan Parties or any third party on any Loan Party's behalf, or otherwise for the benefit of the Loan Parties, shall not exceed the number set forth opposite the dates indicated on Schedule 3 attached hereto, subject as of each measurement date to an allowed 10% variance.

- Measured as of the last day of each month, the total number of leases for non-residential real property (each a "Leased Location") in effect that have not expired or been rejected or otherwise terminated shall not exceed the number of Leased Locations set forth opposite such month set forth on Schedule 4 attached hereto; provided that Borrowers shall have a 30 day cure period.

- On or before January 1, 2015, any contract with a third-party to provide voice-over or similar talent related services shall have either (a) terminated in accordance with its terms or (b) been rejected pursuant to an order entered by the Bankruptcy Court.

- The DIP Credit Facility shall be cross-defaulted to Borrowers' and Guarantor's default in the payment of any of their other debt.

- The Loan Parties shall be in default upon, among other defaults customary for financings of this type, the following, subject to a reasonable notice and cure periods agreeable to Borrowers, DIP Agent and DIP Lenders:

  - The violation of any provision of any DIP Loan Document or the Interim Order or the Final Order (as applicable);

  - Any change in control of any Loan Party, with the definition of "change in control" to be mutually agreeable to Borrowers, DIP Agent and DIP Lenders;

  - The filing of an adversary proceeding by any party in interest against DIP Agent, any DIP Lender, Pre-petition Agent, Pre-petition L/C Issuer, any Pre-petition Lender or any of their respective interests for any reason;

  - The payment of any advertising costs or expenses or any

12

This Summary of Proposed Terms is for discussion purposes only. This is not a commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or other applicable law) and remains subject to due diligence, credit approval and documentation and approval of the Interim Order and the Final Order by the Bankruptcy Court. No oral communications between the parties shall be deemed to supersede this Summary of Proposed Terms or indicate any commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or applicable law).

other disbursements relating to or constituting advertising, excluding any amounts paid pursuant to existing case referral programs or practices;

o   the filing of a motion to sell substantially all of the Loan Parties' assets, so as to constitute the Borrowers' business, that does not provide for the indefeasible payment of the DIP Obligations in full, in cash on the sale closing date, except with respect to *de minimis* assets to the extent contemplated in the Budget;

o   the lapse or termination of Loan Parties' exclusive periods to file and solicit a plan pursuant to section 1121 of the Bankruptcy Code;

o   the filing of a plan by the Loan Parties that does not provide for the indefeasible payment of the DIP Obligations in full pursuant to the terms of such plan as agreed to by Borrowers, DIP Agent and DIP Lenders, and which plan shall otherwise be satisfactory to DIP Agent and Borrowers;

o   the entry of an order appointing a trustee or an examiner;

o   the automatic stay is lifted as to any party in order to permit foreclosure on a material portion of the DIP Collateral (e.g., $75,000 per quarter); provided that a claim under a Loan Parties' insurance policy will not be deemed to be a foreclosure of DIP Collateral, without the prior written consent of DIP Agent;

o   entry of an order by a court of competent jurisdiction amending, supplementing, or otherwise modifying the Interim Order or the Final order without DIP Agent's prior written consent;

o   the filing of any motion or other pleading by any committee or by any one or more of the Loan Parties seeking, or otherwise consenting to, any of the matters set forth in above;

o   any default under any guaranty or any other document,

13

**This Summary of Proposed Terms is for discussion purposes only. This is not a commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or other applicable law) and remains subject to due diligence, credit approval and documentation and approval of the Interim Order and the Final Order by the Bankruptcy Court. No oral communications between the parties shall be deemed to supersede this Summary of Proposed Terms or indicate any commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or applicable law).**

instrument or agreement executed or delivered by Guarantor or any other guarantor; or

- o  such other defaults determined by DIP Agent and DIP Lenders and agreeable to the Borrowers.

- Rights of each of the following: inspection, access to facilities, management and auditors.

- Insurance protection (terms, underwriter, scope and coverage) to be acceptable to DIP Agent and DIP Lenders; DIP Agent, on behalf of DIP Lenders, to be additional insured (on liability coverage) and loss payee (as to casualty and loss coverage); non-renewal/cancellation/amendment riders to provide 30 days' advance notice.

- As of the Closing, no material adverse change in Borrowers' business or financial condition since the date of the most recent unaudited monthly financial statements provided by Pre-petition Borrower to Pre-petition Agent on November 24, 2014; no litigation commenced which, if successful, would have a material adverse impact on Borrowers and Guarantor (considered as a group), their businesses, or their ability to repay the DIP Credit Facility or perform under the DIP Guaranties, or which would challenge the transaction under consideration.

- The Loan Parties shall obtain approval and effectuate a plan contemplating a controlled liquidation that repays the DIP Obligations in full and otherwise in form and substance acceptable to Borrowers and acceptable to DIP Agent and DIP Lenders in their sole and absolute discretion (the "Plan"), in accordance with the following timeline (it being understood and agreed that Borrower shall not file or solicit any Plan for which DIP Agent and DIP Lenders have not provided their prior written consent):

  - o  Within six months of the Petition Date, Borrowers shall file the Plan and related disclosure statement, which disclosure statement shall be in form and substance acceptable to Borrowers and acceptable to DIP Agent and DIP Lenders in their sole and absolute discretion (the "Disclosure

14

**This Summary of Proposed Terms is for discussion purposes only. This is not a commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or other applicable law) and remains subject to due diligence, credit approval and documentation and approval of the Interim Order and the Final Order by the Bankruptcy Court.  No oral communications between the parties shall be deemed to supersede this Summary of Proposed Terms or indicate any commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or applicable law).**

Statement");

- o Within seven months of the Petition Date, Borrowers shall cause an order to be entered by the Bankruptcy Court (in form and substance acceptable to Borrowers and acceptable to DIP Agent and DIP Lenders in their sole and absolute discretion) (i) approving the Disclosure Statement as containing adequate information required under section 1125 of the Bankruptcy Code, and (ii) authorizing the use of the Disclosure Statement for soliciting votes on the and establishing solicitation procedures (the "Disclosure Statement Order");

- o Within seven business days of the Bankruptcy Court's entry of the Disclosure Statement Order, Borrowers shall distribute the Disclosure Statement and the Plan and solicit acceptance of the Plan;

- o Within eight months of the Petition Date, Borrowers shall use their best efforts to cause an order to be entered by the Bankruptcy Court (in form and substance acceptable to DIP Agent and DIP Lenders in their sole discretion) approving the Plan (the "Confirmation Order"); and

- o The Plan shall become effective within fourteen business days following entry of the Confirmation Order.

- Borrowers and Guarantor represent and warrant to DIP Agent and DIP Lenders that they have not contracted with, and do not know of, any broker, to be paid by any Borrower or Guarantor, who has participated in the DIP Credit Facility or the transactions contemplated herein. Borrowers and Guarantor shall indemnify and hold DIP Agent and DIP Lenders harmless from any claim for broker's fees or expenses in connection with the transactions contemplated hereby.

- Other terms and conditions that may arise subsequent to due diligence but prior to the Petition Date which are mutually acceptable to DIP Agent, DIP Lenders and Borrowers.

- The activities of Guarantor shall be limited to customary holding

15

This Summary of Proposed Terms is for discussion purposes only. This is not a commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or other applicable law) and remains subject to due diligence, credit approval and documentation and approval of the Interim Order and the Final Order by the Bankruptcy Court. No oral communications between the parties shall be deemed to supersede this Summary of Proposed Terms or indicate any commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or applicable law).

companies (*i.e.*, holding stock in Borrowers and related activities).

**Remedies:**  The DIP Credit Agreement will contain remedies following the occurrence of a default or "termination event" that are customary for financings of this type and in any event will include, without limitation, the following:

- Enforcement of liens on the DIP Collateral;

- Offsetting of amounts on deposit in the Loan Parties' deposit accounts;

- Ability to apply for the appointment of a receiver by any court of competent jurisdiction, to which the Loan Parties shall not object or contest; and

- Lifting of automatic stay as to DIP Agent and DIP Lenders subject to a notice period agreeable to Borrowers, DIP Agent and DIP Lenders.

**Acknowledgements:**  Borrowers and Guarantor will represent, stipulate, acknowledge and agree:

(1)  as to the aggregate principal amount of the indebtedness under the Pre-petition Credit Agreement outstanding as of the Petition Date is $23,048,232.75 (the "Pre-petition Principal Amount") plus all other amounts included in the defined term "Pre-petition Indebtedness" in the immediately succeeding paragraph.

(2)  that the "Pre-petition Indebtedness" (which includes the Pre-petition Principal Amount and all interest, fees, costs, expenses and other amounts accrued and accruing thereon or at any time chargeable to any or all of the Pre-petition Loan Parties in connection with the Pre-petition Loan Documents) is (a) legal, valid, binding, and enforceable against the Pre-petition Loan Parties; and (b) not subject to any contest, objection, recoupment, defense, counterclaim, offset, claim of subordination, claim of re-characterization, claim of avoidance of any nature, attack or challenge under the Bankruptcy Code, other applicable non-bankruptcy law, equity or otherwise;

(3)  that as security for the payment of the Pre-petition Indebtedness, the Pre-petition Loan Parties granted to Pre-petition Agent, for

16

**This Summary of Proposed Terms is for discussion purposes only. This is not a commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or other applicable law) and remains subject to due diligence, credit approval and documentation and approval of the Interim Order and the Final Order by the Bankruptcy Court.  No oral communications between the parties shall be deemed to supersede this Summary of Proposed Terms or indicate any commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or applicable law).**

the benefit of itself, the Pre-petition L/C Issuer and the Pre-petition Lenders, security interests in and liens upon substantially all of the Pre-petition Loan Parties' property and assets (all such property, together with all cash and non-cash proceeds thereof, the "<u>Pre-petition Collateral</u>" and all such liens thereon the "<u>Pre-petition Liens</u>");

(4)    that the Pre-petition Liens (a) are legal, valid, enforceable, non-avoidable, and duly perfected security interests in and liens upon the Pre-petition Collateral, not subject to any liens or security interests except certain "Permitted Liens" to the extent legal, valid, enforceable, non-avoidable, duly perfected and have priority pursuant to applicable non-bankruptcy law and (b) were granted to Pre-petition Agent for fair consideration and reasonably equivalent value, and were granted contemporaneously with the making of the loans and financial accommodations secured thereby; and

(5)    that Pre-petition Agent has a valid, duly perfected, first-priority lien upon and security interest in and to all of the cash of the Pre-petition Loan Parties, which, along with the proceeds of the Pre-petition Collateral, constitute "cash collateral" within the meaning of section 363(a) of the Bankruptcy Code.

**Due Diligence:** DIP Agent and DIP Lenders, in their sole discretion, may conduct such due diligence with respect to the collateral and other materials relevant to the Closing as they deem necessary and shall be satisfied in all respects with the results of such due diligence. Following the Closing, DIP Agent and DIP Lenders shall have the right to conduct periodic due diligence to assess the on-going collateral value of Borrowers' and Guarantor's assets.

**Conditions Precedent to the Closing of the DIP Credit Facility:** The DIP Loan Documents will contain customary conditions for financings of this type and other conditions deemed by DIP Agent and DIP Lenders in their discretion to be appropriate, and in any event including, without limitation, the following:

(1) The DIP Loan Documents shall be in form and substance satisfactory to DIP Agent and DIP Lenders and their counsel in their sole discretion;

(2) DIP Agent shall have received an initial 13-week cash flow forecast

17

**This Summary of Proposed Terms is for discussion purposes only. This is not a commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or other applicable law) and remains subject to due diligence, credit approval and documentation and approval of the Interim Order and the Final Order by the Bankruptcy Court. No oral communications between the parties shall be deemed to supersede this Summary of Proposed Terms or indicate any commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or applicable law).**

setting forth all forecasted receipts and disbursements on a weekly basis for the 13-week period beginning the week of the Petition Date, broken down by week, including the anticipated weekly uses of the proceeds of the DIP Credit Facility for such period, which shall include, among other things, available cash, cash flow, trade payables and ordinary course expenses, total expenses and capital expenditures, fees and expenses relating to the DIP Credit Facility, fees and expenses related to the Bankruptcy Case, and working capital and other general corporate needs, which forecast shall be in form and substance satisfactory to DIP Agent in its sole discretion and acceptable to Borrowers and Guarantor (the "Initial DIP Budget" and together with the Updated DIP Budget, the "Budget");

(3) DIP Agent shall have received a key employee incentive program for the Loan Parties and their Subsidiaries, which shall be in form and substance satisfactory to DIP Agent in its sole discretion (the "KEIP"), and the Loan Parties shall have filed with their first day motions a motion for an order approving the KEIP;

(4) All first day motions filed by the Loan Parties and related orders entered by the Bankruptcy Court in the Bankruptcy Case, if not related to the DIP Credit Facility, shall be in form and substance reasonably satisfactory to DIP Agent;

(5) The Bankruptcy Court shall have entered the Interim Order within five (5) business days following the Petition Date, in form and substance satisfactory to the DIP Agent; provided however that a reasonable delay due to the Bankruptcy Court's schedule as a result of the December holidays shall be permissible;

(6) DIP Agent, for the benefit of DIP Lenders, shall have a valid and perfected lien on, and security interest in, the DIP Collateral on the basis and with the priority set forth herein; and

(7) Release of claims in favor of Pre-petition Agent, Pre-petition L/C Issuer, Pre-petition Lenders, DIP Agent and DIP Lenders, including, without limitation, any claims pursuant to or arising under sections 502(d), 544, 545, 547, 548, 549, 550, or 553 of the Bankruptcy Code.

| | |
|---|---|
| **Conditions Precedent** | In addition to the satisfaction of the conditions on the Closing, the DIP |

18

**This Summary of Proposed Terms is for discussion purposes only. This is not a commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or other applicable law) and remains subject to due diligence, credit approval and documentation and approval of the Interim Order and the Final Order by the Bankruptcy Court. No oral communications between the parties shall be deemed to supersede this Summary of Proposed Terms or indicate any commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or applicable law).**

| | |
|---|---|
| **to each DIP Loan:** | Credit Agreement will contain additional conditions for each incurrence of DIP Loans customary for financings of this type, including, without limitation, the following: |

    (1)   Immediately prior to and following the funding of any DIP Loan, there shall exist no event of default or any event that, with the passing of time or the giving of notice or both, would become an event of default under the DIP Loan Documents;

    (2)   The representations and warranties of the Loan Parties in the DIP Loan Documents shall be true and correct in all material respects;

    (3)   The making of such DIP Loan shall not violate any requirement of law and shall not be enjoined, temporarily, preliminarily or permanently by any court of competent jurisdiction;

    (4)   There shall have occurred no material adverse effect (as defined and agreed to by Borrowers, DIP Agent and DIP Lenders); and

    (5)   The Interim Order (with respect to DIP Loans made prior to entry of the Final Order) or the Final Order, as the case may be, shall be in full force and effect and shall not have been reversed, vacated or stayed.

| | |
|---|---|
| **Costs and Expenses; Reimbursement Obligation:** | All reasonable costs associated with the DIP Credit Facility, including, without limitation, DIP Agent's and all DIP Lenders' out-of-pocket expenses associated with the transaction (including, without limitation, due diligence expenses), professional fees, recording fees, search fees and filing fees will be paid by Borrowers and Guarantor regardless of whether the transaction closes. Such costs, fees and expenses shall be owed whether or not the DIP Facility is consummated and the Loan Parties will remain liable for same unless and until such amounts are paid in full. The Loan Parties shall further indemnify and hold the DIP Lenders harmless from and against any and all loss, claim, damage, liability or expense (including, without limitation, reasonable attorney's fees and court costs) that the DIP Lenders may suffer or incur if any of its representations or warranties made to the DIP Lenders contained herein or in preparation and negotiation of this Summary of Proposed Terms or the DIP Loan Documents prove to be untrue or incorrect in any material respect; and, notwithstanding any provision in the DIP Loan Documents, to the contrary, the Loan Parties shall, jointly and severally, have full liability for the foregoing indemnity. It |

19

**This Summary of Proposed Terms is for discussion purposes only. This is not a commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or other applicable law) and remains subject to due diligence, credit approval and documentation and approval of the Interim Order and the Final Order by the Bankruptcy Court. No oral communications between the parties shall be deemed to supersede this Summary of Proposed Terms or indicate any commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or applicable law).**

is the parties' explicit intent that this Costs and Expenses Reimbursement Obligation described herein constitutes a present, legally valid and binding obligation.

**Indemnity:** Other than for acts of gross negligence, fraud or willful misconduct by the indemnified parties herein, Borrowers and Guarantor agree to indemnify Agent, DIP Agent, Lenders and DIP Lenders, their respective directors, managers officers, employees, agents, auditors, accountants, appraisers, consultants, counsel and affiliates from, and agree to hold each of them harmless against, any and all losses, liabilities, claims, damages or expenses including amounts paid in settlement, incurred by any of them arising out of or by reason of any investigation, litigation or other proceeding brought or threatened by any third party relating to any loan made or proposed to be made, or any other transaction contemplated, hereunder.

**Choice of Law; Venue** Each of Borrowers, Guarantor, DIP Agent, Agent, Lenders and DIP Lenders hereby consent and agree that the state or federal courts located in New York County, State of New York shall have exclusive jurisdiction to hear and determine any claims pertaining to this Summary of Proposed Terms. This Summary of Proposed Terms shall be governed by and shall be construed in accordance with the internal laws of the State of New York.

**Waiver of Trial by Jury:** To the fullest extent permitted by law, each of Borrowers, Guarantor, Agent, Lenders, DIP Agent and DIP Lenders hereby expressly waive all rights to trial by jury in any litigation relating to this Summary of Proposed Terms and all rights to punitive, consequential, or special damages arising out of or related to this Summary of Proposed Terms or the matters referred to in this Summary of Proposed Terms.

**Expiration:** The terms set forth in this Summary of Proposed Terms shall expire at 5:00 p.m. (prevailing Eastern time) on Monday, December 22, 2014, unless a countersigned copy of this Summary of Proposed Terms has been delivered to DIP Agent by such time.   In addition to the foregoing and notwithstanding delivery of a countersigned copy of this Summary of Proposed Terms, if the Interim Order (in form and substance acceptable to DIP Agent, DIP Lenders, Borrowers and Guarantor) is not entered by the Bankruptcy Court on or before December 24, 2014, this Summary of Proposed Terms shall expire and be of no further force or effect. For the avoidance of doubt, notwithstanding the foregoing, the present, legally valid and binding obligations of Borrowers and Guarantors under the "Costs and Expenses Reimbursement Obligation" paragraph above shall survive any

20

**This Summary of Proposed Terms is for discussion purposes only. This is not a commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or other applicable law) and remains subject to due diligence, credit approval and documentation and approval of the Interim Order and the Final Order by the Bankruptcy Court.  No oral communications between the parties shall be deemed to supersede this Summary of Proposed Terms or indicate any commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or applicable law).**

expiration or termination of this Summary of Proposed Terms.

THIS SUMMARY OF PROPOSED TERMS IS ONLY AN EXPRESSION OF INTEREST IN CONSIDERING A TRANSACTION BASED ON THE GENERAL TERMS AND CONDITIONS OUTLINED ABOVE.  IT IS NOT INTENDED TO AND DOES NOT CREATE ANY BINDING LEGAL OBLIGATION ON THE PART OF ANY PERSON OR ENTITY TO AGREE TO PROVIDE FINANCING OR TO AUTHORIZE ANY BORROWER'S OR GUARANTOR'S USE OF CASH COLLATERAL ON AN INTERIM OR FINAL BASIS.  THIS SUMMARY OF PROPOSED TERMS IS NOT, AND IS NOT TO BE CONSTRUED AS, AN OFFER OR COMMITMENT TO PROVIDE FINANCING OR TO AUTHORIZE ANY BORROWER'S OR GUARANTOR'S USE OF CASH COLLATERAL ON AN INTERIM OR FINAL BASIS. ANY SUCH OFFER OR COMMITMENT BY ANY PERSON WOULD BE IN WRITING, WOULD BE PRECEDED BY THE SATISFACTORY COMPLETION OF CREDIT REVIEW, AND THE RECEIPT OF ALL REQUISITE APPROVALS (INCLUDING INTERNAL CREDIT COMMITTEE APPROVAL), IF ANY, AND ITS EFFECTIVENESS WOULD BE CONDITIONED UPON THE PRIOR EXECUTION AND DELIVERY OF FINAL DOCUMENTATION ACCEPTABLE TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL AND APPROVED BY THE BANKRUPTCY COURT.  NO LIABILITY OR OBLIGATION OF ANY NATURE WHATSOEVER IS INTENDED TO BE CREATED BY THIS SUMMARY OF PROPOSED TERMS, *EXCEPT* THE PRESENT, LEGALLY VALID AND BINDING COSTS AND EXPENSES REIMBURSEMENT OBLIGATION. THIS SUMMARY OF PROPOSED TERMS IS NOT INTENDED TO CONSTITUTE A BINDING AGREEMENT BETWEEN THE PARTIES, *EXCEPT* FOR THE PRESENT, LEGALLY VALID AND BINDING COSTS AND EXPENSES REIMBURSEMENT OBLIGATION

[*Remainder of page left intentionally blank.*]

21

This Summary of Proposed Terms is for discussion purposes only. This is not a commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or other applicable law) and remains subject to due diligence, credit approval and documentation and approval of the Interim Order and the Final Order by the Bankruptcy Court.  No oral communications between the parties shall be deemed to supersede this Summary of Proposed Terms or indicate any commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or applicable law).

If the terms and conditions of this letter are satisfactory, please sign the enclosed copy of this letter and return it to my attention. If you have any questions please call the DIP Agent.


Very Truly Yours,

U.S. BANK NATIONAL ASSOCIATION, as DIP Agent
and a DIP Lender


By:_____
Name:_____
Title:_____


CAPITAL ONE, NATIONAL ASSOCIATION, as a DIP Lender


By:_____
Name:_____
Title:_____

22

**This Summary of Proposed Terms is for discussion purposes only. This is not a commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or other applicable law) and remains subject to due diligence, credit approval and documentation and approval of the Interim Order and the Final Order by the Bankruptcy Court. No oral communications between the parties shall be deemed to supersede this Summary of Proposed Terms or indicate any commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or applicable law).**

**The foregoing is accepted and agreed to:**

BINDER & BINDER – THE NATIONAL SOCIAL
SECURITY DISABILITY ADVOCATES LLC
BINDER & BINDER – THE NATIONAL SOCIAL
SECURITY DISABILITY ADVOCATES (CA), LLC
BINDER & BINDER THE NATIONAL SOCIAL
SECURITY DISABILITY ADVOCATES (CO), LLC
BINDER & BINDER – THE NATIONAL SOCIAL
SECURITY DISABILITY ADVOCATES (FL), LLC
BINDER & BINDER – THE NATIONAL SOCIAL
SECURITY DISABILITY ADVOCATES (GA), LLC
BINDER & BINDER – THE NATIONAL SOCIAL
SECURITY DISABILITY ADVOCATES (IL), LLC
BINDER & BINDER – THE NATIONAL SOCIAL
SECURITY DISABILITY ADVOCATES (NC), LLC
BINDER & BINDER – THE NATIONAL SOCIAL
SECURITY DISABILITY ADVOCATES (NJ), LLC
BINDER & BINDER – THE NATIONAL SOCIAL
SECURITY DISABILITY ADVOCATES (NY), LLC
BINDER & BINDER – THE NATIONAL SOCIAL
SECURITY DISABILITY ADVOCATES (PA), LLC
BINDER & BINDER – THE NATIONAL SOCIAL
SECURITY DISABILITY ADVOCATES (TX), LLC
BINDER & BINDER – THE NATIONAL SOCIAL
SECURITY DISABILITY ADVOCATES (WA), LLC
THE SOCIAL SECURITY EXPRESS LTD.
THE REP FOR VETS LLC
NATIONAL VETERANS DISABILITY ADVOCATES LLC
SSDI HOLDINGS, INC.
BINDER & BINDER – THE NATIONAL SOCIAL
SECURITY DISABILITY ADVOCATES (AZ), LLC
BINDER & BINDER – THE NATIONAL SOCIAL
SECURITY DISABILITY ADVOCATES (CT), LLC
BINDER & BINDER – THE NATIONAL SOCIAL
SECURITY DISABILITY ADVOCATES (DC), LLC
BINDER & BINDER – THE NATIONAL SOCIAL
SECURITY DISABILITY ADVOCATES (LA), LLC
BINDER & BINDER – THE NATIONAL SOCIAL
SECURITY DISABILITY ADVOCATES (MD), LLC

23

**This Summary of Proposed Terms is for discussion purposes only. This is not a commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or other applicable law) and remains subject to due diligence, credit approval and documentation and approval of the Interim Order and the Final Order by the Bankruptcy Court. No oral communications between the parties shall be deemed to supersede this Summary of Proposed Terms or indicate any commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or applicable law).**

BINDER & BINDER – THE NATIONAL SOCIAL
SECURITY DISABILITY ADVOCATES (MI), LLC
BINDER & BINDER – THE NATIONAL SOCIAL
SECURITY DISABILITY ADVOCATES (MO), LLC
BINDER & BINDER – THE NATIONAL SOCIAL
SECURITY DISABILITY ADVOCATES (OH), LLC
BINDER & BINDER – THE NATIONAL SOCIAL
SECURITY DISABILITY ADVOCATES VA, LLC


By:_____
Name:_____
Title:_____
Date: _____

**This Summary of Proposed Terms is for discussion purposes only. This is not a commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or other applicable law) and remains subject to due diligence, credit approval and documentation and approval of the Interim Order and the Final Order by the Bankruptcy Court. No oral communications between the parties shall be deemed to supersede this Summary of Proposed Terms or indicate any commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or applicable law).**

**Exhibit A**

| Borrower | Jurisdiction of Organization |
|---|---|
| Binder & Binder – The National Social Security Disability Advocates (CA), LLC | California |
| Binder & Binder The National Social Security Disability Advocates (CO), LLC | Colorado |
| Binder & Binder – The National Social Security Disability Advocates (FL), LLC | Florida |
| Binder & Binder – The National Social Security Disability Advocates (GA), LLC | Georgia |
| Binder & Binder – The National Social Security Disability Advocates (IL), LLC | Illinois |
| Binder & Binder – The National Social Security Disability Advocates (NC), LLC | North Carolina |
| Binder & Binder – The National Social Security Disability Advocates (NJ), LLC | New Jersey |
| Binder & Binder – The National Social Security Disability Advocates (NY), LLC | New York |
| Binder & Binder – The National Social Security Disability Advocates (PA), LLC | Pennsylvania |
| Binder & Binder – The National Social Security Disability Advocates (TX), LLC | Texas |
| Binder & Binder – The National Social Security Disability Advocates (WA), LLC | Washington |
| The Social Security Express Ltd. | New York |
| The Rep for Vets LLC | Florida |
| National Veterans Disability Advocates LLC | Florida |
| Binder & Binder – The National Social Security Disability Advocates (AZ), LLC | Arizona |
| Binder & Binder – The National Social Security Disability Advocates (CT), LLC | Connecticut |

**This Summary of Proposed Terms is for discussion purposes only. This is not a commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or other applicable law) and remains subject to due diligence, credit approval and documentation and approval of the Interim Order and the Final Order by the Bankruptcy Court. No oral communications between the parties shall be deemed to supersede this Summary of Proposed Terms or indicate any commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or applicable law).**

| Borrower | Jurisdiction of Organization |
|---|---|
| Binder & Binder – The National Social Security Disability Advocates (DC), LLC | District of Columbia |
| Binder & Binder – The National Social Security Disability Advocates (LA), LLC | Louisiana |
| Binder & Binder – The National Social Security Disability Advocates (MD), LLC | Maryland |
| Binder & Binder – The National Social Security Disability Advocates (MI), LLC | Michigan |
| Binder & Binder – The National Social Security Disability Advocates (MO), LLC | Missouri |
| Binder & Binder – The National Social Security Disability Advocates (OH), LLC | Ohio |
| Binder & Binder – The National Social Security Disability Advocates VA, LLC | Virginia |

**This Summary of Proposed Terms is for discussion purposes only. This is not a commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or other applicable law) and remains subject to due diligence, credit approval and documentation and approval of the Interim Order and the Final Order by the Bankruptcy Court.  No oral communications between the parties shall be deemed to supersede this Summary of Proposed Terms or indicate any commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or applicable law).**

**Schedule 1**

**Minimum Cumulative Roll-up DIP Obligation Payments**

| Roll-up DIP Repayment Test Dates | Minimum Cumulative Repayments on the Roll-up DIP Obligations Since the Petition Date |
|---|---|
| May 31, 2015 | $1,800,000 |
| June 30, 2015 | $3,100,000 |
| July 31, 2015 | $4,900,000 |
| August 31, 2015 | $6,900,000 |
| September 30, 2015 | $8,300,000 |
| October 31, 2015 | $8,800,000 |
| November 30, 2015 | $10,400,000 |
| December 31, 2015 | $11,700,000 |
| January 31, 2016 | $14,000,000 |
| February 29, 2016 | $16,200,000 |
| March 31, 2016 | $16,800,000 |
| April 30, 2016 | $17,800,000 |
| May 31, 2016 | $19,100,000 |
| June 30, 2016 | $19,200,000 |
| July 31, 2016 | $20,700,000 |
| August 31, 2016 | $22,000,000 |

**This Summary of Proposed Terms is for discussion purposes only. This is not a commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or other applicable law) and remains subject to due diligence, credit approval and documentation and approval of the Interim Order and the Final Order by the Bankruptcy Court.  No oral communications between the parties shall be deemed to supersede this Summary of Proposed Terms or indicate any commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or applicable law).**

**Schedule 2**

**Wind-Down Fund**

| Month | Maximum Cumulative Amount Funded into the Wind-Down Fund |
|---|---|
| June 2015 | $160,000 |
| July 2015 | $390,000 |
| August 2015 | $630,000 |
| September 2015 | $800,000 |
| October 2015 | $860,000 |
| November 2015 | $1,050,000 |
| December 2015 | $1,210,000 |
| January 2016 | $1,500,000 |
| February 2016 | $2,050,000 |
| March 2016 | $2,200,000 |
| April 2016 | $2,450,000 |
| May 2016 | $2,500,000 |
| June 2016 | $2,500,000 |
| July 2016 | $2,500,000 |
| August 2016 | $2,500,000 |

**This Summary of Proposed Terms is for discussion purposes only. This is not a commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or other applicable law) and remains subject to due diligence, credit approval and documentation and approval of the Interim Order and the Final Order by the Bankruptcy Court.  No oral communications between the parties shall be deemed to supersede this Summary of Proposed Terms or indicate any commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or applicable law).**

## Schedule 3

Employee Headcount Summary

(See attached)

**This Summary of Proposed Terms is for discussion purposes only. This is not a commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or other applicable law) and remains subject to due diligence, credit approval and documentation and approval of the Interim Order and the Final Order by the Bankruptcy Court. No oral communications between the parties shall be deemed to supersede this Summary of Proposed Terms or indicate any commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or applicable law).**

**BINDER & BINDER**
**Headcount Summary**

CONFIDENTIAL DRAFT


| Job Function | Oct-14 actual | Nov-14 | Dec-14 | Jan-15 | Feb-15 | Mar-15 | Apr-15 | May-15 | Jun-15 | Jul-15 | Aug-15 | Sep-15 | Oct-15 | Nov-15 | Dec-15 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Accounting | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 |
| Advocates | 105 | 105 | 105 | 105 | 105 | 105 | 105 | 105 | 105 | 105 | 95 | 95 | 95 | 95 | 95 |
| Appeals | 35 | 35 | 35 | 35 | 35 | 35 | 35 | 35 | 35 | 35 | 35 | 35 | 35 | 35 | 35 |
| Archives | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 |
| Call Center | 109 | 109 | 108 | 108 | 81 | 81 | 81 | 27 | - | - | - | - | - | - | - |
| Clerical | 162 | 162 | 161 | 165 | 161 | 161 | 161 | 161 | 161 | 154 | 154 | 154 | 154 | 154 | 147 |
| Fed Court Casework | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 |
| Fee | 31 | 31 | 31 | 30 | 30 | 30 | 30 | 30 | 30 | 30 | 30 | 30 | 30 | 30 | 30 |
| Hearing Casework | 187 | 187 | 185 | 186 | 192 | 192 | 192 | 192 | 192 | 182 | 182 | 192 | 190 | 190 | 181 |
| I A Recon | 75 | 75 | 75 | 75 | 75 | 75 | 75 | 75 | 75 | 61 | 61 | 61 | 61 | 61 | 61 |
| IA/Hearing | 26 | 26 | 26 | 25 | 25 | 25 | 25 | 25 | 25 | 19 | 19 | 19 | 17 | 17 | 14 |
| Interview | 28 | 28 | 28 | 28 | 28 | 28 | 23 | 23 | - | - | - | - | - | - | - |
| Maintenance | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 |
| Management | 33 | 33 | 32 | 30 | 29 | 29 | 29 | 29 | 29 | 25 | 25 | 25 | 25 | 25 | 25 |
| MIS | 7 | 7 | 7 | 7 | 7 | 7 | 7 | 7 | 7 | 6 | 6 | 6 | 6 | 6 | 6 |
| Open Files | 52 | 52 | 52 | 52 | 52 | 52 | 42 | 42 | - | - | - | - | - | - | - |
| Operator | 29 | 29 | 27 | 26 | 24 | 24 | 24 | 24 | 24 | 23 | 23 | 23 | 23 | 23 | 23 |
| Travel | 9 | 9 | 9 | 9 | 9 | 9 | 9 | 9 | 9 | 5 | 5 | 5 | 5 | 5 | 5 |
| Writer | 64 | 64 | 61 | 60 | 56 | 56 | 56 | 56 | 56 | 50 | 50 | 50 | 50 | 50 | 50 |
| **Grand Total** | **966** | **966** | **956** | **955** | **923** | **923** | **908** | **854** | **762** | **709** | **699** | **709** | **705** | **705** | **686** |
| Bi-wkly pay (incl. ER taxes) - 000's USD | $ 1,550 | $ 1,550 | $ 1,530 | $ 1,530 | $ 1,490 | $ 1,490 | $ 1,470 | $ 1,400 | $ 1,280 | $ 1,200 | $ 1,170 | $ 1,180 | $ 1,180 | $ 1,180 | $ 1,150 |
| Employee benefits -000's USD | $ 340 | $ 340 | $ 330 | $ 330 | $ 320 | $ 320 | $ 320 | $ 320 | $ 300 | $ 270 | $ 250 | $ 240 | $ 250 | $ 250 | $ 240 |
| Active cases: | | | | | | | | | | | | | | | |
| Initial application & recon. | 15,718 | 15,536 | 15,197 | 14,107 | 12,609 | 10,943 | 8,961 | 7,136 | 5,286 | 3,411 | 2,011 | 1,111 | 661 | 511 | - |
| Hearing | 32,011 | 32,151 | 32,356 | 32,726 | 33,021 | 33,283 | 33,573 | 33,345 | 33,138 | 32,951 | 32,395 | 31,445 | 30,151 | 28,620 | 27,058 |
| Appeals | 10,239 | 9,856 | 9,463 | 9,153 | 8,850 | 8,560 | 8,283 | 8,010 | 7,753 | 7,512 | 7,287 | 7,075 | 6,876 | 6,690 | 6,515 |
| Total active cases ("backlog") | 57,968 | 57,543 | 57,016 | 55,986 | 54,480 | 52,786 | 50,817 | 48,491 | 46,177 | 43,874 | 41,693 | 39,631 | 37,688 | 35,821 | 33,573 |
| Total caseworkers | 288 | 288 | 286 | 286 | 292 | 292 | 292 | 292 | 292 | 262 | 262 | 272 | 268 | 268 | 256 |
| # cases per Caseworker[1] | 166 | 166 | 166 | 164 | 156 | 151 | 146 | 139 | 132 | 139 | 131 | 120 | 115 | 109 | 106 |
| # cases per Clerical[1] | 295 | 294 | 295 | 284 | 283 | 275 | 264 | 251 | 239 | 236 | 223 | 211 | 200 | 189 | 184 |

1 - Number of cases used for these metrics excludes
 appeals cases



**BINDER & BINDER**
**Headcount Summary**

CONFIDENTIAL DRAFT

| Job Function | Jan-16 | Feb-16 | Mar-16 | Apr-16 | May-16 | Jun-16 | Jul-16 | Aug-16 | Sep-16 | Oct-16 | Nov-16 | Dec-16 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Accounting | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 |
| Advocates | 85 | 85 | 85 | 85 | 85 | 85 | 85 | 85 | 85 | 85 | 85 | 85 |
| Appeals | 34 | 34 | 34 | 34 | 34 | 34 | 34 | 34 | 34 | 34 | 34 | 34 |
| Archives | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 |
| Call Center | - | - | - | - | - | - | - | - | - | - | - | - |
| Clerical | 78 | 78 | 78 | 78 | 64 | 64 | 64 | 64 | 52 | 49 | 49 | 49 |
| Fed Court Casework | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 |
| Fee | 21 | 21 | 21 | 21 | 21 | 21 | 21 | 21 | 21 | 21 | 21 | 21 |
| Hearing Casework | 132 | 132 | 132 | 132 | 132 | 117 | 88 | 70 | 70 | 69 | 69 | 69 |
| I A Recon | - | - | - | - | - | - | - | - | - | - | - | - |
| IA/Hearing | 13 | 13 | 13 | 13 | 13 | 13 | 13 | 13 | 13 | 12 | 12 | 12 |
| Interview | - | - | - | - | - | - | - | - | - | - | - | - |
| Maintenance | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 |
| Management | 18 | 18 | 18 | 18 | 18 | 18 | 15 | 15 | 15 | 15 | 15 | 15 |
| MIS | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 |
| Open Files | - | - | - | - | - | - | - | - | - | - | - | - |
| Operator | 17 | 17 | 17 | 17 | 17 | 17 | 17 | 17 | 17 | 17 | 17 | 17 |
| Travel | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 |
| Writer | 37 | 37 | 37 | 37 | 37 | 37 | 37 | 30 | 30 | 30 | 30 | 30 |
| **Grand Total** | **458** | **458** | **458** | **458** | **444** | **429** | **397** | **372** | **360** | **355** | **355** | **355** |
| Bi-wkly pay (incl. ER taxes) - 000's USD | $ 860 | $ 860 | $ 860 | $ 860 | $ 840 | $ 820 | $ 780 | $ 740 | $ 730 | $ 720 | $ 720 | $ 720 |
| Employee benefits -000's USD | $ 160 | $ 160 | $ 160 | $ 160 | $ 160 | $ 150 | $ 140 | $ 130 | $ 130 | $ 120 | $ 120 | $ 120 |
| Active cases: | | | | | | | | | | | | |
| Initial application & recon. | - | - | - | - | - | - | - | - | - | - | - | - |
| Hearing | 25,490 | 23,944 | 22,420 | 20,918 | 19,438 | 18,005 | 16,669 | 15,379 | 14,186 | 13,089 | 12,087 | 11,181 |
| Appeals | 6,335 | 6,161 | 5,983 | 5,811 | 5,645 | 5,469 | 5,263 | 5,051 | 4,821 | 4,565 | 4,285 | 3,982 |
| Total active cases ("backlog") | 31,825 | 30,105 | 28,403 | 26,729 | 25,083 | 23,474 | 21,932 | 20,430 | 19,007 | 17,654 | 16,372 | 15,163 |
| Total caseworkers | 145 | 145 | 145 | 145 | 145 | 130 | 101 | 83 | 83 | 81 | 81 | 81 |
| # cases per Caseworker[1] | 176 | 165 | 155 | 144 | 134 | 139 | 165 | 185 | 171 | 162 | 149 | 138 |
| # cases per Clerical[1] | 327 | 307 | 287 | 268 | 304 | 281 | 260 | 240 | 273 | 267 | 247 | 228 |

1 - Number of cases used for these metrics
    appeals cases



## **Schedule 4**

Leased Location

(See attached)

**This Summary of Proposed Terms is for discussion purposes only. This is not a commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or other applicable law) and remains subject to due diligence, credit approval and documentation and approval of the Interim Order and the Final Order by the Bankruptcy Court.  No oral communications between the parties shall be deemed to supersede this Summary of Proposed Terms or indicate any commitment to extend credit in any form or to authorize any Borrower or Guarantor to use Pre-petition Agent's or any Pre-petition Lender's cash collateral or to waive any rights or remedies (under the Pre-petition Loan Documents, the Bankruptcy Code or applicable law).**

**BINDER & BINDER**
**Wind-Down Summary**

CONFIDENTIAL DRAFT

| City | Landlord | Month Vacated | Monthly Rent | Lease Term | Total Employees | Total Bi Weekly Payroll | Cases to | Active Cases (9/12/14) | 12/31/14 | 3/31/15 | 6/30/15 | 12/31/15 | 6/30/16 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Sacramento | Regus Management Group, LLC | Dec-14 | $ 2,009 | May-14 | - | $ - | Hayward | 158 | - | - | - | - | - |
| San Diego | Regus Management Group, LLC | Dec-14 | $ 2,448 | Apr-15 | - | $ - | Hayward | 115 | - | - | - | - | - |
| Seattle | Hammer Co. LP & Clise, Inc. | Dec-14 | $ 3,744 | Mar-19 | 7 | $ 12,918 | Hayward | 423 | - | - | - | - | - |
| Houston | Esko Houston, LLC | Jun-15 | $ 4,602 | May-19 | 9 | $ 13,987 | Dallas | 609 | 570 | 534 | - | - | - |
| Los Angeles | SMII Sepulveda Center LLC | Dec-15 | $ 11,341 | Dec-15 | 10 | $ 16,168 | Hayward | 759 | 710 | 665 | 623 | 543 | - |
| San Bernardino | Arrowhead Prof. Center | Dec-15 | $ 4,836 | Oct-16 | 9 | $ 11,574 | Hayward | 986 | 429 | 402 | 376 | - | - |
| Dallas | Hartman 1960 Properties, LLC | Jun-16 | $ 4,923 | Dec-16 | 14 | $ 22,693 | Hayward | 986 | 922 | 864 | 1,301 | 1,133 | 496 |
| Hayward | City Center Commercial | Phase II | $ 9,555 | May-15 | 18 | $ 39,242 | | 1,506 | 2,061 | 1,931 | 1,808 | 1,887 | 2,654 |
| Atlanta/Decatur | Parmenter Clairmont LLC | Nov-14 | $ 5,435 | Nov-14 | 11 | $ 16,880 | Tampa | 426 | - | - | - | - | - |
| Raleigh | Highwoods Realty LP | Nov-14 | $ 7,751 | Aug-16 | 12 | $ 16,765 | Tampa | 480 | - | - | - | - | - |
| Orange | SPUS05 OC Square, LLC | Jun-15 | $ 49,145 | Nov-21 | 97 | $ 136,705 | Tampa | 8,357 | 7,817 | 7,323 | - | - | - |
| Orlando | Orlando Univ / Crocker Partners | Jun-16 | $ 2,562 | Nov-17 | 5 | $ 4,579 | Tampa | 356 | 333 | 312 | 292 | 254 | - |
| Fort Lauderdale | One Broward Blvd Holdings LLC | Phase II | $ 16,019 | Mar-17 | 28 | $ 44,996 | | 1,496 | 1,399 | 1,311 | 1,227 | 1,069 | 932 |
| Tampa | Highwoods Realty LP | Phase II | $ 54,325 | Aug-24 | 121 | $ 162,095 | | 5,483 | 5,996 | 5,617 | 12,014 | 10,463 | 9,323 |
| Jericho | 375 N. Broadway Associates LP | Dec-14 | $ 2,752 | Dec-14 | - | $ - | Hauppauge | 67 | - | - | - | - | - |
| Newark | Diversified Capital | Dec-14 | $ 5,145 | Oct-15 | 7 | $ 12,490 | Hauppauge | 536 | - | - | - | - | - |
| Chicago | 209 JAX Owner, LLC | Dec-14 | $ 22,262 | Mar-22 | 26 | $ 46,317 | Hauppauge | 824 | - | - | - | - | - |
| Baltimore | 901 CC | Jun-15 | $ 2,906 | Dec-17 | 6 | $ 9,228 | Hauppauge | 119 | 111 | 104 | - | - | - |
| Denver | Parkway Center, LLC | Jun-15 | $ 3,924 | Jun-15 | 6 | $ 10,581 | Hauppauge | 284 | 266 | 249 | - | - | - |
| Richmond | Regus Management Group, LLC | Jun-15 | $ 2,268 | Aug-14 | 3 | $ 5,000 | Hauppauge | 61 | 57 | 53 | - | - | - |
| Hartford | Regus Management Group, LLC | Sep-15 | $ 3,919 | Jul-14 | 2 | $ 3,950 | Hauppauge | 78 | 73 | 68 | 64 | - | - |
| St. Louis | Regus Management, LLC | Sep-15 | $ 4,478 | Jul-14 | 3 | $ 5,364 | Hauppauge | 132 | 123 | 115 | 108 | - | - |
| Bronx | Hutch 34 Industrial Street LLC | Dec-15 | $ 60,241 | Aug-22 | 122 | $ 163,948 | Hauppauge | 10,657 | 9,969 | 9,339 | 8,743 | - | - |
| Columbus | NC Plaza LLC | Dec-15 | $ 4,701 | Apr-18 | 8 | $ 13,308 | Hauppauge | 397 | 371 | 348 | 326 | - | - |
| Philadelphia | JFK Investments Assoc., LP I | Dec-15 | $ 10,885 | Jul-18 | 20 | $ 33,756 | Hauppauge | 1,325 | 1,239 | 1,161 | 1,087 | - | - |
| Phoenix | AG/FP Siete Square LLC | Dec-15 | $ 5,776 | Jun-16 | 8 | $ 9,169 | Hauppauge | 542 | 507 | 475 | 445 | - | - |
| Hauppauge | Bully and Congrats Realty LLC | Phase II | $ 96,136 | May-20 | 319 | $ 419,485 | | 15,513 | 15,846 | 14,845 | 14,272 | 21,362 | 18,634 |
| Long Island City | 33-00 Northern Blvd LLC | Phase II | $ 38,364 | Feb-22 | 91 | $ 143,015 | | 4,676 | 4,374 | 4,098 | 3,836 | 3,341 | 2,914 |
| New York City | Empire State Realty Trust | Phase II | $ 13,551 | Sep-14 | 11 | $ 12,644 | | 656 | 614 | 575 | 538 | 469 | 409 |
| Brooklyn | SPL Associates | Dec-14 | $ 1,000 | Dec-14 | - | $ - | | - | - | - | - | - | - |
| Washington DC | Regus Management Group, LLC | Dec-14 | $ 4,798 | Mar-15 | 1 | $ 2,423 | | - | - | - | - | - | - |
| Long Beach | Premier Office Centers | Dec-14 | $ 793 | Dec-14 | - | $ - | | - | - | - | - | - | - |
| New Orleans | Regus Management Group, LLC | Dec-14 | $ 1,539 | Aug-14 | 1 | $ 3,181 | | - | - | - | - | - | - |
| Southfield | Regus Management Group, LLC | Sep-15 | $ 1,389 | May-14 | 1 | $ 2,692 | | - | - | - | - | - | - |
| Totals | | | $ 465,522 | | 976 | $1,395,152 | | 58,007 | 53,787 | 50,389 | 47,060 | 40,521 | 35,362 |

| Summary | Current | Dec-14 | Jun-15 | Dec-15 | Jun-16 |
|---|---|---|---|---|---|
| Count | 34 | 22 | 17 | 8 | 6 |
| Monthly rent | $ 465,522 | $ 405,846 | $ 343,001 | $ 235,435 | $ 227,950 |

10/15/14

# EXHIBIT A

## SUBSIDIARIES

Binder & Binder - The National Social Security Disability Advocates (NY), LLC
Binder & Binder - The National Social Security Disability Advocates (AZ), LLC
Binder & Binder - The National Social Security Disability Advocates (CA), LLC
Binder & Binder - The National Social Security Disability Advocates (CO), LLC
Binder & Binder - The National Social Security Disability Advocates (CT), LLC
Binder & Binder - The National Social Security Disability Advocates (FL), LLC
Binder & Binder - The National Social Security Disability Advocates (GA), LLC
Binder & Binder - The National Social Security Disability Advocates (IL), LLC
Binder & Binder - The National Social Security Disability Advocates (MD), LLC
Binder & Binder - The National Social Security Disability Advocates (MO), LLC
Binder & Binder - The National Social Security Disability Advocates (NJ), LLC
Binder & Binder - The National Social Security Disability Advocates (NC), LLC
Binder & Binder - The National Social Security Disability Advocates (OH), LLC
Binder & Binder - The National Social Security Disability Advocates (PA), LLC
Binder & Binder - The National Social Security Disability Advocates (TX), LLC
Binder & Binder - The National Social Security Disability Advocates VA, LLC
Binder & Binder - The National Social Security Disability Advocates (WA), LLC
Binder & Binder - The National Social Security Disability Advocates (LA), LLC
Binder & Binder - The National Social Security Disability Advocates (MI), LLC
Binder & Binder - The National Social Security Disability Advocates (DC), LLC
The Rep for Vets LLC
National Veterans Disability Advocates LLC (DBA The Rep for Vets LLC)
The Social Security Express Ltd.

## CERTIFICATE

I, William Nolan, do hereby certify that:

1.      I am the President and Chief Executive Officer of SSDI Holdings, Inc., a Delaware corporation;

2.      I am the _____ of Binder & Binder – The National Social Security Disability Advocates, a Delaware limited liability company; and

3.      the resolutions set forth in the attached unanimous consent remain in full force and effect as of the date hereof.

IN WITNESS WHEREOF, I have executed this certificate as of the _____ day of December, 2014.

William Nolan

# United States Bankruptcy Court
## Southern District of New York

In re    **National Veterans Disability Advocates LLC**                              ,

Debtor

Case No. _____

Chapter_____**11**_____

# LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with Rule 1007(a)(3) for filing in this chapter 11 case.

| Name and last known address<br>or place of business of holder | Security<br>Class | Number<br>of Securities | Kind of<br>Interest |
|---|---|---|---|
| **Binder & Binder - The National<br>Social Security Advocates LLC<br>300 Rabro Drive East<br>Hauppauge, NY 11788** | | **100%** | **Member** |

# DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Chief Restructuring Officer of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date____**December 18, 2014**_____

Signature__**/s/ William A. Brandt, Jr.**_____

**William A. Brandt, Jr.**
**Chief Restructuring Officer**

*Penalty for making a false statement or concealing property*:    Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C §§  152 and 3571.

_____**0**_____  continuation sheets attached to List of Equity Security Holders

# United States Bankruptcy Court
## Southern District of New York

In re  **National Veterans Disability Advocates LLC**

Debtor(s)

Case No.

Chapter  **11**

### CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for  **National Veterans Disability Advocates LLC**  in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

**Binder & Binder - The National
Social Security Advocates LLC
300 Rabro Drive East
Hauppauge, NY 11788**

☐ None [*Check if applicable*]

| | |
|---|---|
| **December 18, 2014** | **/s/ Kenneth A. Rosen, Esq.** |
| Date | **Kenneth A. Rosen, Esq.** |
| | Signature of Attorney or Litigant |
| | Counsel for   **National Veterans Disability Advocates LLC** |
| | **Lowenstein Sandler LLP** |
| | **1251 Avenue of the Americas, 17th Floor** |
| | **New York, NY 10020** |
| | **(212) 262-6700 Fax:(212) 262-7402** |